George E. **FELLOWS**

v.

**USV PHARMACEUTICAL CORP.**

Civ. A. No. M–79–1644.

United States District Court, D. Maryland.

Nov. 13, 1980.

Thomas W. Holland and Fletcher P. Thompson, Chevy Chase, Md., for plaintiff.

Michael A. Pretl, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Plaintiff, George E. Fellows, brought this diversity action to recover damages for injuries he allegedly suffered from using doriden, a prescription drug. Defendant, USV Pharmaceutical Corporation (USV), manufactures and distributes doriden. This drug was prescribed for plaintiff by his physician, Dr. Frank Talbot, from approximately September, 1970, to September, 1976, to combat plaintiff's insomnia problem. During the relevant period, Dr. Talbot was treating plaintiff primarily for a heart condition and prescribed numerous other drugs.

Plaintiff alleges that on the advice of Dr. Talbot he ingested large amounts of doriden, and used it contemporaneously with other prescription drugs. Plaintiff further alleges that he informed Dr. Talbot that he was suffering from various "side effects," and that Dr. Talbot assured him that these were not due to doriden. This action, however, is solely against USV as the manufacturer of doriden.

Plaintiff's amended complaint (Paper No. 7) enumerates the following four theories of liability: (1) negligence; (2) breach of warranty of merchantability; (3) strict liability; and (4) misbranding. This case is now before the court on USV's motion for summary judgment (Paper No. 19), in which it

contends that (1) plaintiff's claims are barred by the statute of limitations; (2) USV is not liable to plaintiff under any theory pleaded; and (3) the evidence fails to support plaintiff's claim of physical injuries. Since the court concludes that USV is not liable to plaintiff under any of the theories set out in the amended complaint, the statute of limitations and damages issues need not be addressed.

## I. Count I–Negligence

The gist of plaintiff's negligence claim under count I is that USV breached a duty owing to plaintiff by failing to warn *members of the public* of the harmful effects that could result from using doriden (Paper No. 7, at ¶¶ 10–14). Plaintiff thus contends that USV failed to warn him of an unreasonable and foreseeable risk of harm. *See generally Moran v. Faberge, Inc.*, 273 Md. 538, 544–46, 332 A.2d 11 (1975).

In the area of prescription drugs, as distinguished from those sold directly to the consumer, it is well established that the manufacturer's duty to warn is limited to advising the prescribing or treating physician of the drug's potential dangers. Absent special circumstances not present here, there is no duty to warn the ultimate consumer of the possible dangers associated with prescription drugs. *See, e. g., Dunkin v. Syntex Laboratories, Inc.*, 443 F.Supp. 121, 123 (W.D.Tenn.1977); *Pierluisi v. E. R. Squib & Sons, Inc.*, 440 F.Supp. 691, 694–95 (D.P.R.1977); *Chambers v. G. D. Searle & Co.*, 441 F.Supp. 377, 381 (D.Md.1975), *affirmed per curiam*, 567 F.2d 269 (4th Cir. 1977). *See generally*, L. Frumer & M. Friedman, *Products Liability* § 33 (1980).

Plaintiff does not contend that USV was negligent in failing to warn adequately Dr. Talbot of the dangers associated with doriden (Plaintiff's Answers to Interrogatories, Paper No. 13, at ¶ 10). Moreover, USV has produced evidence that its warnings regarding the possible side effects of doriden use were both adequate and communicated to Dr. Talbot, as well as the medical community at large (Talbot Deposition, Paper No. 18, at 15–18). Plaintiff has not attempted to refute this evidence.

Based on the materials of record, the court finds that USV has satisfied its burden of establishing initially the absence of a genuine issue of material fact as to count I, *Adickes v. Kress & Co.*, 398 U.S. 144, 159–61, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970), and that plaintiff has failed to set forth specific facts demonstrating that there is a genuine issue for trial. *Kipps v. Ewell*, 538 F.2d 564, 566 (4th Cir. 1976). The court holds, therefore, that since USV has breached no duty owing to plaintiff, USV is entitled to judgment as to count I as a matter of law.

## II. Count II–Warranty of Merchantability

Plaintiff alleges in count II that USV breached its warranty of merchantability in violation of *Md.Commercial Law Code Ann.* § 2–314. To prevail on a warranty theory in a products liability case, a plaintiff must show not only the existence of a warranty, but also that the warranty was broken and that the breach was the proximate cause of the harm sustained. *Fischbach & Moore International Corp. v. Crane Barge R–14*, 476 F.Supp. 282, 287 (D.Md.1979); *Mattos, Inc. v. Hash*, 279 Md. 371, 378–79, 368 A.2d 993 (1977). To prove that a warranty of merchantability was broken, a plaintiff must establish that the product was not fit for its ordinary purpose and was defective when it left the manufacturer's control. *Giant Food, Inc. v. Washington Coca–Cola Bottling Co., Inc.*, 273 Md. 592, 608–09, 332 A.2d 1 (1975).

Plaintiff does not contend that the doriden he purchased was impure or contaminated, or even that it was ineffective. *See Chambers v. G. D. Searle & Co.*, 441 F.Supp. at 379–80. What plaintiff does contend is that doriden was "unsafe" for normal use and that USV could have manufactured a drug that would have accomplished the same purpose in a safer fashion.

The reason why certain drugs are available only by prescription is that their use is not completely safe. Plaintiff's warranty theory, therefore, is untenable for it would

impose liability on manufacturers of prescription drugs when the ultimate consumer suffers any harmful side effects, even though the manufacturer has given a legally adequate warning. Such a theory "would make the drug manufacturer an insurer of the drug user's health." *Dunkin v. Syntex Laboratories, Inc.*, 443 F.Supp. at 126. *See Whittington v. Eli Lilly and Co.*, 333 F.Supp. 98, 101 (D.W.Va.1971). Although it is clear that there are risks associated with using doriden, this does not make the drug unfit "for the ordinary purposes for which the goods are used." Since there is no dispute regarding the adequacy of USV's warning, USV is entitled to judgment as to count II as a matter of law.

### III. Count III–Strict Liability

Plaintiff alleges under count III that doriden "was in a defective condition or in a condition unreasonably dangerous to the user." (Paper No. 7, at ¶ 26). This claim, therefore, is one of strict liability.

In *Phipps v. General Motors Corp.*, 278 Md. 337, 363 A.2d 955 (1976), the Court of Appeals of Maryland adopted the rule of strict liability as set forth in the *Restatement (Second) of Torts* § 402A. That section provides:

"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractural relation with the seller."

Comment *k* of section 402A provides an exception to the strict liability rule when the product can be characterized as "unavoidably unsafe," and notes that these products are "especially common in the field of prescription drugs." Comment *k* further states:

"Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it unreasonably dangerous. The same is true of many other drugs, vaccines, and the like, many of which for this very reason cannot legally be sold except to physicians, or under the prescription of a physician."

Although the Maryland courts have not yet addressed the effect of comment *k* on section 402A, this court has been presented with no evidence suggesting that they would not follow the approach of other courts that have discussed the issue. *See, e. g., Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1272–76 (5th Cir. 1974); *Basko v. Sterling Drug, Inc.*, 416 F.2d 417, 424–426 (2nd Cir. 1969); *Goodson v. Searle Laboratories*, 471 F.Supp. 546, 548–49 (D.Conn. 1978); *Chambers v. G. D. Searle & Co.*, 441 F.Supp. at 380–84. These and numerous other cases have held that prescription drugs are not considered unusually dangerous under section 402A, and the manufacturer will not incur liability under that section, unless the manufacturer has failed to provide adequate warnings of the drug's possible dangers. The audience to whom these warnings must be directed is the medical community, not the consuming public. Since there is no dispute regarding the adequacy of USV's warnings to the medical community, as well as to Dr. Talbot, USV is not liable to plaintiff under section 402A as a matter of law.[1]

1. During oral argument counsel for plaintiff directed the court's attention to comment *l* of section 402A, and indicated that defendant might be liable to plaintiff under that comment for failing to make a safer product. The court has examined comment *l* and finds it to be inapplicable to any issue presented in this case.

## IV. Count IV–Misbranding

Plaintiff alleges in count IV that doriden is a misbranded drug within the meaning of 21 U.S.C. § 352(j). That section provides that a drug shall be deemed misbranded:

"If it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof."

It is apparent that the language of section 352(j) cannot be read hyper–literally. All prescription drugs pose some danger to the user's health, even in the recommended dosage, yet they are not thereby considered misbranded. Under the circumstances presented in this case, misbranding means a "failure to provide adequate warnings of known risks associated with the normal use of the product." *Ezagui v. Dow Chemical Corp.*, 598 F.2d 727, 733 (2nd Cir. 1979). Since it has already been determined that USV's warnings were legally adequate, USV is entitled to judgment on this count as well.

Accordingly, it is this 13th day of November, 1980, ORDERED:

1. USV's motion for summary judgment is hereby GRANTED.

2. The Clerk shall enter judgment in favor of USV.