John T. WEINBERGER, Sr. and Helen M. Weinberger

v.

**BRISTOL–MYERS COMPANY, a Delaware Corporation.**

Civ. No. M 85–5007.

United States District Court, D. Maryland.

Dec. 4, 1986.

Thomas J. Dolina, Power & Mosner, Towson, Md., for plaintiffs.

Michael T. Wharton, Digges, Wharton & Levin, Annapolis, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

### I

Plaintiffs, John T. Weinberger and his wife, Helen, brought this diversity action to recover damages for injuries that he allegedly suffered from using Mutamycin in a derivative form called Mitomycin C (hereafter simply referred to as Mutamycin), a prescription drug. Defendant Bristol-Myers Company manufactures the drug. On November 15, 1982, Mr. Weinberger was admitted to St. Joseph's Hospital in Towson, Maryland, so that Dr. Chang might administer a course of chemotherapy. The doctor selected a number of drugs, including Mutamycin. On November 16, 1982, Mutamycin was administered intravenously into Mr. Weinberger's right forearm. He thereafter noticed some irritation, redness, and soreness in the right forearm area. By April 22, 1983, the ulceration had worsened to the point that he underwent a split thickness skin graft to his right forearm from his right hip. In a complaint filed December 23, 1985, plaintiffs basically assert that the defendant manufacturer's warning was inadequate, enumerating three theories of liability: negligence, implied warranty of fitness for a particular purpose, and strict liability. Now pending is defendant's motion for summary judgment, in which it contends

that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law by virtue of the "informed intermediary" theory. Plaintiffs have responded that, even if this theory has been accepted by the Maryland courts, the question of whether the warning is adequate remains for the jury. No oral hearing is necessary. Local Rule 6, D.Md.

## II.

■ On summary judgment, the Court must determine whether: (1) there is any genuine dispute as to material fact, and (2) if there is no dispute of fact, whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *First Nat. Bank v. Cities Service*, 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir.1979). The moving party has the burden of showing that there is no genuine dispute as to material fact. *Celotex Corporation v. Catrett*, — U.S. —, — – —, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). However, he need not negate his opponent's case: he need only disclose the absence of evidence to support that case. *Celotex Corporation v. Catrett*, — U.S. at — – —, 106 S.Ct. at 2552–54. Once the moving party has met this burden, the nonmoving party must set forth facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, — U.S. —, —, – —, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). *Adickes v. S.H. Kress & Co.*, 398 U.S. at 160 n. 22, 90 S.Ct. at 1610 n. 22; *First Nat. Bank v. Cities Service*, 391 U.S. at 288–89, 88 S.Ct. at 1592–93.

■ In deciding the motion, the Court must view the material facts, and the inferences properly drawn therefrom, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, — U.S. at — – —, 106 S.Ct. at 2513–14; *Adickes v. S.H. Kress & Co.*, 398 U.S. at 158–59, 90 S.Ct. at 1608–09; *Cole v. Cole*, 633 F.2d 1083, 1089 (4th Cir.1980). Even where there is no dispute as to the basic facts, summary judgment is inappropriate if the parties disagree on the inferences which may be reasonably drawn from the undisputed facts. *Morrison v. Nissan Motor Co.*, 601 F.2d at 141. Such inferences must be firmly based on established facts. *Carroll v. United Steelworkers of America*, 498 F.Supp. 976, 978 (D.Md.1980), *aff'd*, 639 F.2d 778 (4th Cir.1980). The substantive law identifies which facts, or inferences therefrom, are material and also identifies the standard of proof against which the presence or absence of material factual dispute is to be gauged. *Anderson v. Liberty Lobby, Inc.*, — U.S. at — – —, 106 S.Ct. at 2509–10.

With the above standards in mind, the Court must apply them to the record generated by the parties in this case. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law," akin to a directed verdict inquiry. *Anderson v. Liberty Lobby, Inc.*, — U.S. at — – — 106 S.Ct. at 2511–12:

> ... [T]he mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

## III.

Defendant contends that "in as much as Plaintiffs' theories of recovery are premised on an alleged failure to warn, the 'informed intermediary doctrine' applies to all three counts [of the complaint]." Paper # 17, p. 4. This Court has accepted the "informed intermediary doctrine", without referring to it by name:

> In the area of prescription drugs, as distinguished from those sold directly to the consumer, it is well established that the manufacturer's duty to warn is limit-

ed to advising the prescribing or treating physician of the drug's potential dangers. *Fellows v. USV Pharmaceutical Corp.*, 502 F.Supp. 297, 299 (D.Md.1980). The fundamental premise, then, is that defendant had a duty to warn, but that that extended only to the prescribing physician and not to the plaintiff.

### A.

■■■ The gravamen of Count I is that defendant breached its duty to warn *Dr. Chang*, as well as other members of the medical community, of the harmful effects that could result from using Mutamycin. A manufacturer has a duty to communicate an adequate warning of the dangers involved in the use of a product, as well as instructions for its safe use, if he knows or has reason to know that the product is likely to be dangerous. *Moran v. Faberge, Inc.*, 273 Md. 538, 552, 332 A.2d 11, 20 (1975); *Burch v. Amsterdam Corp.*, 366 A.2d 1079, 1084 (D.C.1976). Mutamycin is accompanied by an Official Package Circular stating, in part, that:

> Integument and Mucus Membrane Toxicity—This has occurred in approximately 4% of patients treated with Mutamycin. Cellulitis at the injection site has been reported and is occassionally severe.[*]

More detailed information is also given on the dangers of maladministration.

> Mutamycin should be given intravenously only, using care to avoid extravasation of the compound. If extravasation occurs, cellulitis, ulceration, and slough may result.

There is no contention that Dr. Chang did not receive this circular, and even if he had not, the *Physician's Desk Reference Manual for Doctors for 1982–1983* contains the identical warning. The question thus remains whether this warning was legally adequate. The warning clearly alerted Dr. Chang that skin (integument) toxicity was a danger in a significant number of patients (4 out of 100). That plaintiff was

one of those 4 is unfortunate, but Dr. Chang was adequately warned. Based on the materials of record, then, this Court finds that defendant has satisfied its burden of showing that there is no genuine issue of material fact as to Count I and that plaintiff has failed to set forth specific facts demonstrating that there is a genuine issue for trial. Therefore, this Court must find that defendant Bristol-Myers is entitled to judgment as a matter of law with respect to Count I.

### B.

■■■ In Count II, plaintiffs allege that defendant Bristol-Myers breached its warranty of fitness for a particular purpose. In any action for breach of warranty, plaintiff must show that a warranty existed, that said warranty was broken, and that the breach of warranty proximately caused harm. *Fischbach and Moore International Corp. v. Crane Barge R–14*, 476 F.Supp. 282, 287 (D.Md.1979). *Mattos, Inc. v. Hash*, 279 Md. 371, 379, 368 A.2d 993, 997 (1977). To prove that a warranty of fitness for a particular purpose was broken, plaintiff must show that the product was not fit for the consumer's particular purpose, as known by the manufacturer. *Myers v. Montgomery Ward and Co.*, 253 Md. 282, 295–96, 252 A.2d 855, 863–64 (1969); *Thomas v. Ford Motor Credit Corp.*, 48 Md.App. 617, 625–26, 429 A.2d 277, 283–84 (1981).

■■■ Plaintiffs do not contend that the Mutamycin administered to Mr. Weinberger contained any foreign ingredients, foreign substances or other impurities. *See Chambers v. G.D. Searle & Co.*, 441 F.Supp. 377, 381 (D.Md.1975). Rather, they contend that it was "not safe," apparently based solely on Mr. Weinberger's experience. As Judge Miller once stated:

> The reason why certain drugs are available only by prescription is that their use is not completely safe. Plaintiff's warranty theory is untenable,

---

[*] This language appears in the Official Package Circular dated December, 1978. (Paper # 17, attachment).

therefore, for it would impose liability on manufacturers of prescription drugs when the ultimate consumer suffers any harmful side effects, even though the manufacturer has given a legally adequate warning.

*Fellows v. USV Pharmaceutical Corp.,* 502 F.Supp. at 299–300. Even though the defendant in *Fellows* allegedly breached the implied warranty of merchantability, rather than that of fitness for a particular purpose, Judge Miller's conclusion has equal logical force here. *See Chambers v. G.D. Searle & Co, supra.* Indeed, the District Court for the Western District of Tennessee has specifically stated that:

Where a drug manufacturer sells a drug designed for a specific purpose ... and warns the medical profession of possible side effects in some users, the warranty of fitness for a particular purpose is not breached where one of those side effects occurs.

*Dunkin v. Syntex Laboratories, Inc.,* 443 F.Supp. 121, 126 (W.D.Tenn.1977). Given that this defendant's warning was legally adequate, this Court must find that defendant is entitled to judgment as a matter of law with respect to Count II.

### C.

■ In Count III claiming strict liability, plaintiffs allege that Mutamycin was "defective" due to the lack of "adequate and sufficient warnings or instructions about the risks, dangers, and harm inherent in said product." In *Phipps v. General Motors Corp.,* 278 Md. 337, 353, 363 A.2d 955, 963 (1976), the Court of Appeals of Maryland adopted the rule of strict liability as outlined in RESTATEMENT (SECOND) OF TORTS § 402A:

§ 402A. Special liability of Seller of Product for Physical Harm to User or Consumer (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Comment k to § 402A provides an exception to the strict liability rule when a product is "unavoidably unsafe," *e.g.,* a prescription drug with side effects. Comment k states, in part, that:

Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it unreasonably dangerous. The same is true of many other drugs, vaccines, and the like, many of which for this very reason cannot legally be sold except to physicians, or under the prescription of a physician.

Though the Maryland courts have not expressly adopted Comment k, this Court has relied upon it, *see Werner v. Upjohn Company, Inc.,* 628 F.2d 848, 858 (4th Cir.1980); *Fellows v. USV Pharmaceutical Corp.,* 502 F.Supp. at 300; *Chambers v. G.D. Searle & Co.,* 441 F.Supp. at 381, on the virtual certainty that the Court of Appeals of Maryland would adopt the rule in a proper case. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The crucial question then is whether defendant's warning is legally adequate to avoid strict liability. This Court has discussed the duty to warn in a strict liability context:

The elements of both [negligence and strict liability] are the same with the exception that in negligence plaintiff

**192**

must show a breach of a duty of due care by defendant while in strict liability plaintiff must show the product was unreasonably dangerous. The distinction between the two lessens considerably in failure to warn cases since it is clear that strict liability adds little in warning cases. Under a negligence theory the issue is whether the defendant exercised due care in formulating and updating the warning, while under a strict liability theory the issue is whether the lack of a proper warning made the product unreasonably dangerous. Though phrased differently the issue under either theory is essentially the same: was the warning adequate? *Chambers v. G.D. Searle & Co.*, 441 F.Supp. 377, 381 (D.Md.1975), *aff'd* 567 F.2d 269 (4th Cir.1977); *Smith v. E.R. Squibb & Sons, Inc.*, 405 Mich. 79, 273 N.W.2d 476, 480 (1979); Prosser, *Torts* § 99, esp. p. 659 n. 73 (4th ed. 1971).

Any remaining distinction in theories disappears when a failure to warn case involves an unavoidably dangerous drug which the product in this case admittedly was. The Restatement of *Torts* (2d) § 402A, comment k makes it clear that a drug manufacturer is not to be held strictly liable for injuries caused by an unavoidably dangerous new drug if the warning is adequate. The standard for liability under strict liability and negligence is essentially the same. *Chambers*, supra at 381.

*Werner v. Upjohn Company, Inc.*, 628 F.2d at 858. In Part III A of this opinion, the Court found that the warning at issue is legally adequate under a negligence standard, and it also finds that it is legally adequate under a strict liability standard. Therefore, this Court must find that defendant Bristol-Myers is entitled judgment as a matter of law with respect to Count III.

An order and judgment will be entered separately, granting the defendant's motion for summary judgment, with costs.