v.

**ABBOTT LABORATORIES.**

**Civ. No. S 92–2106.**

United States District Court,
D. Maryland.

Aug. 28, 1992.

Gordon H. Levy, Levy & Iamele, Baltimore, Md., for plaintiff.

Kevin D. McDonald, Joseph M. David, Jr., John E. Benedict, Jones, Day, Reavis & Pogue, Washington, D.C., for defendant.

MEMORANDUM OPINION

SMALKIN, District Judge.

This case was removed by the defendant from a state court, on the ground of diversity of citizenship. In her complaint, the plaintiff alleges that the prescription antibiotic drug Omniflox, manufactured by defendant, was dispensed to her by a physician, Dr. Maffezzoli, for the condition of sinusitis. Plaintiff alleges that Dr. Maffezzoli gave her some sample packages of Omniflox for her sinusitis, and that, as a proximate result of her consumption of the drug, she developed fever, chills, pain, vomiting, jaundice, hemolytic anemia, and renal failure. The plaintiff goes on to allege, in paragraph 5, that Omniflox was unsafe for people suffering from sinusitis, and that the manufacturer's package insert should have so warned. The defendant has moved in the alternative for dismissal or summary judgment, and the plaintiff has responded, in part with the affidavit of Dr. Maffezzoli.

When a motion for summary judgment is properly before the Court, it is the duty of the party opposing summary judgment to

come forward with evidence that a reasonable fact-finder could accept, by the appropriate evidentiary standard, as justifying a finding in favor of the opponent. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Although this case is in its early stages, plaintiff has submitted the affidavit of the prescribing physician, and she has not shown, by affidavit under Fed.R.Civ.P. 56(f), that she is unable presently to meet the summary judgment motion. *Celotex*, 477 U.S. at 326, 106 S.Ct. at 2554. In any event, further discovery would be pointless, in that the defendant's clear entitlement to summary judgment is patent from the discussion that follows. Further factual development would not affect the Court's conclusion in this regard, because no *material* fact can be genuinely disputed under the allegations of the Complaint.

It is uncontroverted, and indeed Dr. Maffezzoli's affidavit so states, that he dispensed Omniflox to the plaintiff for sinusitis. It is also uncontroverted that sinusitis is *not* one of the indicated uses for Omniflox on the package insert (containing the required prescribing information) furnished to physicians by the manufacturer under federal regulations. In fact, Omniflox is not indicated for treatment of any upper respiratory tract condition at all, although it is indicated for two lower respiratory tract infections. The Court can take judicial notice of the fact that the sinuses are not in the lower respiratory tract, and, anyway, the only two respiratory conditions for which Omniflox are indicated are chronic bronchitis (acute bacterial exacerbation) and certain bacterially-caused pneumonias.

 Under 21 C.F.R. § 201.57(c) (1992), the manufacturer's labelling must provide physicians with indications, *i.e.*, conditions for which a drug is effective. Only if supported by substantial evidence of effectiveness can an indication be listed. 21 C.F.R. § 201.57(c)(2). It stands to reason that when a physician, as a learned intermediary, has been provided with the indications for which a drug is effective, but prescribes it for a non-indicated use, the manufacturer should not be exposed to tort liability for any defect in labelling, for reasons recognized by this Court in the widely-cited case of *Weinberger v. Bristol–Myers Co.*, 652 F.Supp. 187 (D.Md.1986). In short, when a physician decides to dispense an ethical drug for a condition for which it is not indicated, the manufacturer should not be held responsible for the consequences on any product liability theory under Maryland law. *Id.* See also *Higgins v. E.I. duPont de Nemours, Inc.*, 671 F.Supp. 1055 (D.Md.1987), *aff'd*, 863 F.2d 1162, 1167–68 (4th Cir.1988) (warning to sophisticated user sufficient, where such user's disregard of labelling led to plaintiff's injury.)

Certainly, the fact that the drug is described as a broad spectrum antibacterial agent or that a drug representative advised the physician that it was effective for treating a broad spectrum of infections resistant to other antibiotics, Maffezzoli Aff., at ¶¶ 5–7, does not alter this conclusion. The fact of the matter is that the drug is simply not indicated for sinusitis, and the manufacturer had no duty to warn of any deleterious effects that might be associated with misuse of the product, *i.e.*, its use for treatment of a non-indicated condition. *Higgins, supra.*

Finally, the fact that "the package insert and warnings provided [to Dr. Maffezzoli] with regard to Omniflox do not indicate that it may not be used for sinusitis," Maffezzoli Aff., at ¶ 8, is inconsequential. Certainly, no manufacturer need explicitly spell out all the conditions for which a drug is *not* indicated.

For the reasons stated, an Order will be entered separately, granting summary judgment in favor of the defendant.

## ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion of even date entered herewith, IT IS, this 28th day of August, 1992, by the Court, ORDERED and ADJUDGED:

1. That defendant's motion for summary judgment BE, an it hereby IS, GRANTED;

2. That judgment BE, and it hereby IS, ENTERED in favor of the defendant, against the plaintiff; and

3. That the Clerk of Court mail copies of the foregoing Memorandum Opinion and this Order to counsel for the parties.