**UNITED STATES of America ex rel. James "Doc" BAILEY, Plaintiff-Appellant,**

v.

**Reubin O'D. ASKEW and Louie Wainwright, Defendants-Appellees.**

**No. 73–2423**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 19, 1973.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

---

James "Doc" Bailey, pro se.

Nelson Bailey, Asst. Atty. Gen., West Palm Beach, Fla., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court dismissing the civil rights complaint of a Florida state prisoner. We affirm.

Following his conviction upon trial by jury in state court on a three count indictment charging conspiracy, and sale and possession of marijuana, appellant was sentenced to 15 months on count one; to a consecutive term of five years on count two; and to a fine of five thousand dollars and concurrent term of five years on count three, unless the fine was not paid, in which case he was to serve a consecutive sentence of two and one-half years. Sentence was passed on April 21, 1970, but made to commence on May 20, 1969.

In his civil rights complaint filed below pursuant to 42 U.S.C. § 1983, appellant contended that the sentence under count three was improper under Williams v. Illinois, 1970, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586. Therefore, he claimed, the Governor of Florida and the Director of the Division of Corrections are confining him illegally and are liable to him in damages for each day he is confined on the illegal sentence. The district court dismissed the petition for failure to state a cause of action.

■■ The appellees are holding appellant pursuant to a court order of commitment. As the district court held, the court issuing the order of commitment is not subject to a § 1983 damages action for acts committed within its judicial role. Pierson v. Ray, 1962, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288; McAlester v. Brown, 5th Cir. 1972, 469 F.2d 1280; Collins v. Moore, 5th Cir. 1971, 441 F.2d 550. Thus it follows that it would be improper if those who are obliged to carry out those orders of commitment would be subject to such an action. Furthermore, a jailer cannot be held liable for an error in an order of commitment which is patently proper. Whirl v. Kern, 5th Cir. 1969, 407 F.2d 781, cert. denied 396 U.S. 901, 90 S.Ct. 210, 24 L.Ed.2d 177.

An error in appellant's sentence should be corrected by habeas corpus proceedings in the state courts. Preiser v. Rodriguez, 1973, 411 U.S. 475, 93 S. Ct. 1827, 36 L.Ed.2d 439; Pierson v. Ray, 1962, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Appellant has by way of an available remedy a motion to vacate sentence pursuant to Rule 3.850, Florida Rules of Criminal Procedure, 33 F.S.A., whereby he may obtain a review of his pre-*Williams* sentence in light of the Supreme Court's pronouncements in that case. The judgment below is affirmed.

Affirmed.