**Thomas B. BLUMEL, Sr., Plaintiff,**

v.

**Thomas A. MYLANDER, individually and in his official capacity as Hernando County Sheriff; Hernando County, a political subdivision of the State of Florida; and Corrections Corporation of America, a Tennessee corporation, Defendants.**

No. 95–1534–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

March 12, 1996.

Christopher M. Shulman, Law Office of Christopher M. Shulman, Tampa, FL, for Thomas B. Blumel, Sr.

Caroline Anne Falvey, Green, Kaster & Falvey, P.A., Ocala, FL, for Thomas A. Mylander.

F. Scott Pendley, Dean, Ringers, Morgan and Lawton, P.A., Orlando, FL, for Hernando County.

### ORDER ON CCA'S MOTION TO DISMISS AND BLUMEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following motions, responses, and supporting material:

1. Defendant Corrections Corporation of America's (hereinafter CCA) Motion to Dismiss and Memorandum of Law in Support, filed October 17, 1995 (Docket No. 6).

2. Memorandum in Opposition to CCA's Motion to Dismiss, filed November 2, 1995 (Docket No. 8).

3. Plaintiff Thomas B. Blumel, Sr.'s (hereinafter Blumel) Motion for Partial Summary Judgment, filed December 8, 1995 (Docket No. 17).

4. Defendant Hernando County's (hereinafter the County) Memorandum of Law in Response to Blumel's Motion for Partial Summary Judgment, filed January 4, 1996 (Docket No. 23).

5. CCA's Response to Plaintiff's Motion for Partial Summary Judgment, and Memorandum of Law in Support, filed January 4, 1996 (Docket No. 24).

## FACTS

On November 9, 1992, a Hernando County deputy sheriff arrested Blumel, a county resident. Acting without a warrant, the deputy arrested Blumel for allegedly violating a restraining order, which rendered him in civil contempt of court. The deputy then transported Blumel to the Hernando County Jail, which was operated by CCA pursuant to a contract.

After spending the night in jail, Blumel appeared before a Hernando County Judge, the Honorable Peyton Hyslop. According to Blumel's complaint, "Judge Hyslop did not determine whether Blumel was entitled to a public defender, did not specifically advise him of the charges against him, and did not make any determination as to either probable cause or [Blumel's] entitlement to bail." Verified Civil Rights Complaint and Demand for Jury Trial at 3 (Docket No. 1). Instead, Blumel alleges that the judge indicated he was in the "wrong court." Thus, the judge sent Blumel back to the jail until he appeared before Florida Circuit Judge Richard Tombrink, Jr., who had issued the restraining order.

Blumel spent the next thirty (30) days in jail. Finally, on December 10, 1992, Blumel was brought before Judge Tombrink. Dismissing the civil contempt charge for a lack of evidence, Judge Tombrink released Blumel from custody.

## PROCEDURAL HISTORY

On September 18, 1995, Blumel filed a verified complaint against three (3) defendants, including the County and CCA.[1] In his complaint, Blumel alleges that the County and CCA violated Section 1983, 42 U.S.C. § 1983 (1988), by unconstitutionally depriving Blumel of his liberty without due process. Essentially, Blumel asserts that the County

and CCA violated their constitutional duty to ensure that warrantless pre-trial detainees, such as Blumel, are detained only after a judicial determination of probable cause within the first 48 hours after arrest. With respect to CCA, which operated the Hernando County jail pursuant to a contract, Blumel also alleges two (2) state law claims, false imprisonment and negligence.

On October 10, 1995, the County answered Blumel's verified complaint. In its answer, the County denies most of the allegations and raises eleven (11) affirmative defenses (Docket No. 4). Unlike the County, CCA has not yet answered Blumel's complaint. Instead, in one of the matters at bar, CCA moves to dismiss it for failure to state any claims upon which relief could be granted.

Pursuant to Local R.M.D.Fla. 3.05(c), the parties met to prepare a case management report on November 6, 1995. According to the report, the parties agreed that discovery would begin on December 6, 1995 (Docket No. 15). However, on the same day that discovery was to begin, Blumel served the defendants with a motion for partial summary judgment. In this motion, which is also before the Court, Blumel seeks summary judgment with respect to his Section 1983 claim.

## CCA'S MOTION TO DISMISS

### I. The Standard for Dismissal

Under *Conley v. Gibson*, a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *accord Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. At a minimum, the Federal Rules of Civil Procedure require "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

---

1. The third defendant, Hernando County Sheriff Thomas A. Mylander, settled with Blumel in No-   vember, 1995 (Docket Nos. 11, 14).

rests." *Conley,* 355 U.S. at 47, 78 S.Ct. at 103 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, this Court will examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). Also, the Court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.,* 910 F.Supp. 576 (M.D.Fla.1995).

## II. Count I: Section 1983

■ To impose Section 1983 liability on a state actor for failing to act to preserve a constitutional right, a plaintiff must establish: (1) that he possessed a constitutional right which was deprived; (2) that the defendant had a policy or custom; (3) that the policy or custom constituted a deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the deprivation. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989); *Oviatt v. Pearce,* 954 F.2d 1470, 1473–75 (9th Cir. 1992); *see also Ali v. Clearwater,* 807 F.Supp. 701, 706–07 (M.D.Fla.1992).

■ A person arrested and detained without a warrant has a constitutional right to have a judicial officer determine probable cause within the first forty-eight (48) hours. *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). In the case at bar, Blumel alleges that the County and CCA violated this right by failing to ensure that Blumel received due process.

■ In its motion to dismiss, CCA asks the Court to dismiss Blumel's Section 1983 claim because, as a matter of law, "errors in the arrest and commitment process are not chargeable to a corrections institution." CCA's Motion to Dismiss and Memorandum of Law in Support at 4 (Docket No. 6). As support, CCA advances *Buenrostro v. Collazo,* 777 F.Supp. 128 (D.P.R.1991), *aff'd on other grounds,* 973 F.2d 39 (1st Cir.1992). In addition, CCA argues that it shares judicial immunity from Section 1983 liability because

it was merely implementing a judge's order. As support, CCA relies on *United States ex rel. Bailey v. Askew,* 486 F.2d 134 (5th Cir. 1973).

Blumel responds by distinguishing *Buenrostro* and *Askew.* Specifically, Blumel argues that, unlike the *Buenrostro* and *Askew* judges, Judge Hyslop did not sign any commitment order, valid or otherwise.

The Court agrees with Blumel and, therefore, denies CCA's motion to dismiss Count I. In *Buenrostro,* the court dismissed a plaintiff's Section 1983 claim against two prison officials because "[i]f ... plaintiff was sent to the State Penitentiary with a *facially-valid commitment order,* there certainly can be no duty on the part of the Department of Corrections to verify or otherwise review the correctness of the judicially issued order." 777 F.Supp. at 135 (emphasis added). Similarly, the *Askew* court affirmed the dismissal of a Section 1983 claim, holding that "a jailer cannot be held liable for an error in an order of commitment which is *patently proper.*" 486 F.2d at 135 (emphasis added).

Unlike the *Buenrostro* and *Askew* complaints, Blumel's Complaint alleges sufficient facts to state a valid Section 1983 claim against CCA. Indeed, Blumel asserts that neither Judge Hyslop or any other judicial officer "ever determine[d] whether there was probable cause to detain Blumel." Verified Civil Rights Complaint and Demand for Jury Trial at 3–4 (Docket No. 1). In contrast, the *Buenrostro* and *Askew* judicial officers found probable cause to detain those plaintiffs and accordingly issued "facially-valid" or "patently proper" commitment orders. 777 F.Supp. at 135; 486 F.2d at 135. Therefore, Blumel's alleged facts are materially different from the alleged facts in *Buenrostro* and *Askew.*

■ Notwithstanding *Buenrostro* and *Askew,* CCA may be held liable for constitutional violations under the "public function" theory. With the exception of slavery, the federal Constitution does not generally restrict "[i]ndividual invasion of individual rights...." *The Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). However, when a governmental entity delegates one its traditional or "public functions" to a

private entity, the private entity may be held liable under the Constitution with respect to its performance of that function. *Marsh v. Alabama*, 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946); *Jeffries v. Georgia Residential Finance Auth.*, 678 F.2d 919, 924–25 (11th Cir.), *cert. denied*, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *Gerber v. Longboat Harbour North Condominium, Inc.*, 757 F.Supp. 1339, 1341 (M.D.Fla.1991). For example, "if a state contracted with a private corporation to run its prisons it would no doubt subject the private prison employees to § 1983 suits under the public function doctrine." *Plain v. Flicker*, 645 F.Supp. 898, 907 (D.N.J.1986).

By statute, the State of Florida permits counties to contract with private entities to run their jails and prisons. Fla.Stat. § 951.062(1) (1995). Accordingly, in the present case, Blumel alleges that the County contracted with CCA to run the jail where Blumel sat for over a month. Therefore, because the County delegated a "public function" to CCA, Blumel may seek to hold CCA liable under Section 1983 for depriving his liberty without due process.

### III. Count II: False Imprisonment

■ Florida courts define the tort of false imprisonment as "the unlawful detention of the plaintiff and deprivation of his liberty." *Johnson v. Weiner*, 155 Fla. 169, 19 So.2d 699, 700 (1944); *Harris v. Lewis State Bank*, 436 So.2d 338, 341 (Fla. 1st DCA 1983). To be "unlawful," the detention must be "unreasonable and unwarranted under the circumstances." *Harris*, 436 So.2d at 341; *Kanner v. First National Bank of South Miami*, 287 So.2d 715, 717 (Fla. 3d DCA 1974). In addition, the defendant must have detained the plaintiff "for the purpose of imposing a confinement, or with the knowledge that such confinement will, to a substantial certainty, result...." *Johnson*, 19 So.2d at 700.

■ In the first of two (2) motions before the Court, CCA argues that Blumel fails to allege facts sufficient to support a finding of an "unlawful" detention. The Court disagrees. For the reasons stated earlier, this Court finds that Blumel's allegations support a Section 1983 claim. *See supra* Count I.

The same set of facts, if proven, could easily constitute false imprisonment. In other words, proof that CCA violated Section 1983 would clearly support a finding that CCA "unlawfully" detained Blumel under the law of false imprisonment. Thus, the Court denies CCA's motion to dismiss Count II.

### IV. Count III: Negligence

■ In Florida, a plaintiff proves a prima facie case of negligence by showing that the defendant owed him or her a duty of care and that the defendant's breach of that duty proximately caused injury to the plaintiff. *See, e.g., Lake Parker Mall, Inc. v. Carson*, 327 So.2d 121, 123 (Fla. 2d DCA 1976), *cert. denied*, 344 So.2d 323 (Fla.1977). Whether a duty of care exists is a question of law. *McCain v. Florida Power Corp.*, 593 So.2d 500, 502 (Fla.1992).

■ In its motion to dismiss, CCA argues that it did not owe any duty of care to the plaintiff. CCA advances no further support for its argument other than asking the Court to avoid expanding Florida tort law. In response, Blumel advances *Layden v. Corrections Corporation of America*, 570 So.2d 994 (Fla. 1st DCA 1990), where the court reinstated a jury's finding that CCA negligently caused that plaintiff to remain in jail several months longer than necessary while awaiting trial. Although duty was not at issue in *Layden*, the case does adequately address CCA's cursory concern about expanding Florida tort law. Since the Florida court in *Layden* found CCA liable for "jailer negligence," then this Court could comfortably do the same without delving into novel state law issues or violating *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Notwithstanding *Layden*, CCA clearly owed a duty of care to its inmates under Florida regulatory law, which has "the force and effect of [a] statute." *Florida Livestock Board v. Gladden*, 76 So.2d 291, 293 (Fla. 1954); *accord McCoy v. Hollywood Quarries, Inc.*, 544 So.2d 274, 277 (Fla. 4th DCA 1989). Under Fla.Admin.Code Ann. r.33–8.004(1) (1995), CCA had a duty to "inquire and reasonably determine that established rules,

regulations and legal procedures" were met before admitting Blumel to its jail. In addition, the regulation states that "[a]ny legal or procedural questions concerning the admission of a person to a detention facility must be clearly resolved prior to their [sic] admission." *Id.*

In paragraph thirty-two (32) of his complaint, Blumel sufficiently alleges CCA's duty of care:

CCA had a duty to exercise reasonable care in determining whether it was appropriate to continue to confine a warrantless arrestee delivered into CCA custody, which duty included, at a minimum, a duty to bring such arrestee before a judicial officer for determinations of probable cause and entitlement to bail. CCA had a concomitant duty to review the arrestee's first appearance and probable cause documents, exercising reasonable care in ascertaining whether a judicial officer had made these determinations.

Verified Civil Rights Complaint and Demand for Jury Trial at 11–12 (Docket No. 1). Because the above allegations factually apply Fla.Admin.Code Ann. r.33–8.004(1), Blumel successfully opposes CCA's motion to dismiss Count III. *Cf. Raske v. Dugger*, 819 F.Supp. 1046, 1055 (M.D.Fla.1993) (dismissing a plaintiff's negligence claim because he failed to specify the defendant's statutory duties of care).

## BLUMEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. Standard of Review

The Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." *Snook v. Trust Co. of Georgia Bank*, 859 F.2d 865, 870 (11th Cir. 1988); *see also McCallum v. City of Athens*, 976 F.2d 649, 650 (11th Cir.1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery); *Ross v. Bank South, N.A.*, 885 F.2d 723, 730 (11th Cir.1989) (affirming summary judgment because the non-movant was unable to create any issue of fact after "substantial discovery"), *cert. denied*, 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 287 (1990). Indeed, "[t]he whole purpose of discovery in a case in which a motion for summary judgment is filed is to give the opposing party an opportunity to discover as many facts as are available and he considers essential to enable him to determine whether he can honestly file opposing affidavits." *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir.1976). Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record." *WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir.1988).

■ After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1530 (11th Cir.1986). Once it is convinced that discovery is inadequate, the district court should deny summary judgment. *See, e.g., Elk v. Townson*, 839 F.Supp. 1047, 1051 (S.D.N.Y.1993) (granting summary judgment after "discovery [had] been completed and both parties [had] ample opportunity to uncover facts and evidentiary support for them"); *Hall v. Sanchez*, 708 F.Supp. 922, 923 n. 1 (N.D.Ill.1989) (denying summary judgment during the "early stages of discovery" and reminding the defendant that he "may present a summary judgment motion ... at the close of discovery"). A district court may grant summary judgment in the early stages of discovery only if "further discovery would be pointless" and the movant is "clearly entitled to summary judgment." *Robak v. Abbott Laboratories*, 797 F.Supp. 475, 476 (D.Md.1992) (granting summary judgment in the "early stages" of discovery because "no *material* fact [could] be genuinely disputed under the allegations of the Complaint").

## II. Discussion

In his motion, Blumel seeks partial summary judgment as to liability on Count I, his Section 1983 claims against the County and CCA. As his sole factual basis, Blumel personally verifies and swears to his Complaint's truthfulness. Blumel also served the County and CCA on the first discovery date, December 6, 1995. Accordingly, the County and CCA, the non-movants, respond by arguing that summary judgment is inappropriate during the early stage of discovery, especially when discovery just began.

The Court agrees with the County and CCA, and finds that there has been inadequate time for discovery. Blumel's motion is blatantly premature in that discovery began on the very day of its service. Also, Blumel seeks summary judgment while CCA's motion to dismiss is pending and before it has answered the Complaint. Finally, because Blumel merely verifies his Complaint, he could not plausibly convince the Court that he is "clearly entitled to summary judgment" or that "further discovery would be pointless."

If the Court were to rule on the merits of Blumel's motion, such ruling would frustrate the County and CCA's right to factually investigate. Indeed, as the Eleventh Circuit has stressed, fairness to non-movants requires that they have ample opportunity to understand what facts can be genuinely disputed.

By bringing his motion so prematurely, Blumel not only disregards the County's and CCA's discovery rights, but also wastes the Court's time. As the above case law demonstrates, the Eleventh Circuit's position regarding when to bring a summary judgment motion is clear. In fact, Blumel's premature motion borders on violating Fed.R.Civ.P. 11 because it appears to be unwarranted by existing law or brought for an improper purpose. The Court cautions Blumel's counsel to proceed with extraordinary care when making future filings. Accordingly, it is

**ORDERED** that CCA's Motion to Dismiss (Docket No. 6) be **DENIED;** Blumel's Motion for Partial Summary Judgment (Docket No. 17) be **DENIED WITHOUT PREJU-**DICE to resubmit at the appropriate time; and the defendant CCA has ten (10) days to answer the complaint.

**DONE AND ORDERED.**