**Bill D. GRAY, Plaintiff,**

v.

**WEBCO GENERAL PARTNERSHIP, a foreign partnership, Defendant,**

**No. 98–1077–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 18, 1999.

Jeffrey Michael Collins, Jeffrey M. Collins, P.A., Tampa, FL, for Bill D. Gray, plaintiff.

Karen M. Buesing, Michael S. Moyles, Zinober & McCrea, P.A., Tampa, FL, for Webco General Partnership, a foreign partnership, defendant.

*ORDER ON MOTION TO DISMISS COUNTS I AND IV OF COMPLAINT*

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion to Dismiss Counts I and IV of the complaint (Dkt.4), and Plaintiff's response (Dkt.9).

**STANDARD OF REVIEW**

A court should not dismiss a complaint for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts

---

that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view that complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

To withstand a motion to dismiss, a complaint may not merely label claims. *See Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). The Federal Rules of Civil Procedure require "a short and plain statement of the claim." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)). However, the threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs. Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

### BACKGROUND

This action arises out of alleged employment discrimination and retaliatory termination. Plaintiff Gray⁰ commenced his employment with Defendant Webco on February 1, 1997, as territory sales manager. Plaintiff alleges that during the course of his employment, Reed, Plaintiff's female supervisor, made repeated derogatory and discriminatory, gender-based comments towards him. Plaintiff also alleges that these comments were made because of his gender. Some specific examples of the alleged comments are as follows: "men are not detail oriented;" "men don't merchandise as well as women;" "men are a pain in the ass;" and "men don't stick around, they are always looking for a promotion."

Plaintiff also alleges that Reed subjected him to substantially less favorable treatment than that enjoyed by his female co-workers. Specific examples of the alleged treatment include receiving none of the training provided to Plaintiff's female counterparts, receiving little information regarding Plaintiff's sales territory, being subjected to false complaints regarding Plaintiff's work performance, and being intentionally excluded from training sessions attended only by Plaintiff's female counterparts.

In his Complaint, Plaintiff states that, as a result of the alleged conduct, he complained to Defendant, in writing, about Title VII violations. Plaintiff also alleges that Defendant not only did not take corrective action, but fired him in direct retaliation for his opposition to the discriminatory treatment.

Defendant denies that during Plaintiff's employment Reed repeatedly made derogatory and harassing statements to Plaintiff directly related to Plaintiff's gender, or that Reed subjected Plaintiff to substantially less favorable treatment than that enjoyed by Plaintiff's female co-workers. Further, Defendant denies firing Plaintiff in retaliation for Plaintiff's opposition to the alleged discriminatory treatment.

### ANALYSIS

A. COUNT I OF COMPLAINT: "Violation of Title VII—Direct Evidence of Discrimination"

Defendant alleges that Count I of the Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant contends that Count I advances a method of proof, i.e. direct evidence, as a cause of action, and should be dismissed. This Court agrees.

Defendant's Motion to Dismiss (Dkt.4) and Plaintiff's memorandum in opposition (Dkt.9), differ on whether the alleged discriminatory remarks and the alleged conduct form a clear enough connection to constitute a short and plain statement under the *Conley* standard. Because Count I fails to advance a separate cause of action, and shall be dismissed on that basis, further discussion of the relationship between Reed's alleged comments and discriminatory conduct is unnecessary.

In opposition to Defendant's Motion to Dismiss, Plaintiff argues that this Court and the Eleventh Circuit have identified a different burden of proof in cases where the plaintiff offers direct evidence of discrimination. True as that may be, it is a misinterpretation of case law to conclude that, because a different burden of proof is required where the plaintiff offers direct evidence of discrimination, direct evidence is a separate cause of action in and of itself. "Direct evidence and the McDonnell Douglas formulation are simply different evidentiary paths

by which to resolve the ultimate issue of defendant's discriminatory intent." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1248 (6th Cir.1995)(quoting *Blalock v. Metals Trades, Inc.,* 775 F.2d 703, 707 (6th Cir. 1985)).

*Talley* further discussed the relationships between burdens of proof and their applicable tests. *See id.* Plaintiff's interpretation of that discussion is incorrect. The method of establishing discrimination and the cause of action are distinct. Accordingly, Count I is dismissed because it describes a method of proving discrimination, not a separate of action.

**B. COUNT IV OF COMPLAINT: "Violations of Florida's Whistle–Blower's Act"**

Defendant alleges that Count IV of the complaint should also be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant argues that because Title VII has its own anti-retaliation provisions, Plaintiff's whistleblower claim is necessarily preempted and should be dismissed. This Court disagrees.

■ The issue here is whether a federal claim for retaliation under Title VII, and a state claim for retaliation under Florida's Whistleblower Act, can be maintained simultaneously. The Court finds that these two claims can be brought simultaneously.

Defendant cites *Moche v. City University of New York,* 781 F.Supp. 160 (E.D.N.Y. 1992), *aff'd without op.,* 999 F.2d 538 (2d Cir.1993), where "the court dismissed plaintiff's § 1983 claims based upon retaliatory behavior for participation in a Title VII lawsuit, holding that the plaintiff's retaliation claims cannot be brought under § 1983 because they could have been remedied here exclusively through Title VII."

Defendant argues that the anti-retaliation provisions of Title VII preempt both federal and state law claims, which seek redress for alleged retaliatory conduct. Defendant's argument that Title VII preempts certain federal statutes has no bearing on whether Title VII should preempt Florida's Whistleblower Act. Further, Defendant does not cite binding case law to support his contention. If Defendant had a good faith belief that federal preemption of federal law was relevant to this case, binding case law certainly should

have been addressed, especially when such case law appears to conflict with Defendant's position.

In *Wu v. Thomas,* 863 F.2d 1543, 1545 (11th Cir.1989), for example, the Eleventh Circuit Court of Appeals allowed the plaintiff to pursue relief under the Equal Pay Act of 1963, 29 U.S.C. § 206 (1982), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (1982), and under 42 U.S.C. § 1983 (1982). Preemption was not an issue in that case.

In *Wu,* the plaintiff complained that officials at the University of Alabama discriminated against her because of her gender. *See Wu* 863 F.2d at 1545. After filing complaints with the appropriate authorities, the plaintiff filed suit in federal court. *See id.* According to the plaintiff, the university retaliated against her because of her complaints. *See id.* In that case, the court did not dismiss the plaintiff's section 1983 claim, based upon retaliatory behavior, for participation in a Title VII lawsuit. At footnote 9, the court stated that by pleading section 1983, the appellants only sought the additional remedies that the section afforded for the appellees' alleged violation of 42 U.S.C. § 2000e. *See id.* at 1549.

While many federal claims do in fact preempt other federal claims, this discussion is not particularly helpful because the instant case involves potential federal preemption of state law. These two issues are distinct.

In *California Federal Savings and Loan Ass'n v. Guerra,* 479 U.S. 272, 107 S.Ct. 683, 93 L.Ed.2d 613, (1987), the question presented to the Supreme Court was whether Title VII of the Civil Rights Act of 1964 preempted a state statute that required employers to provide leave and reinstatement to employees disabled during pregnancy. *See id.* at 274–77, 107 S.Ct. 6835. While this Court recognizes that the state statute in *Guerra,* and the one in this case, are not identical, the Supreme Court's analysis is helpful in determining whether a state statute is preempted by federal law and therefore invalid.

Federal law may supersede state law in several ways. First, when acting within constitutional limits, Congress is empowered to pre-empt state law by so stating in express terms. Second, congressional in-

tent to pre-empt state law in a particular area may be inferred where the scheme of federal regulation is sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation.... As a third alternative, in those areas where Congress has not completely displaced state regulation, federal law may nonetheless pre-empt state law to the extent it actually conflicts with federal law. Such a conflict occurs either because "compliance with both federal and state regulations is a physical impossibility," or because the state law stands "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

*Id.* at 280–81, 107 S.Ct. 683.

Defendant's argument that anti-retaliation provisions of Title VII preempt state law claims which seek redress for retaliatory conduct is on point. However, Defendant does not set forth adequate support for this contention.

Defendant cites *Gusler v. Pro Direct Response Corp.,* No. 97–2766–CIV–T–26(E) (M.D.Fla. Mar. 30, 1998), in which Judge Lazzara granted the defendant's motion to dismiss a whistleblower claim under similar circumstances. "After carefully considering [the] motion, the Court is of the opinion that the Plaintiff may not pursue a cause of action in Count III under Florida's Whistleblower Act, sections 448.101–448.105, Florida Statutes (1995)." *Id.* Judge Lazzara ruled that "any remedy the plaintiff had for the alleged retaliatory conduct must be pursued under the specific anti-retaliation provisions of Title VII and the Florida Civil Rights Act of 1992, section 760.01–760.11, Florida Statutes (1995)." *Id.* The basis for this opinion is not clear, and the Court does not rely upon the opinion at this time.

The first two methods of preemption, as discussed in *Guerra,* do not apply here. Defendant alleges that Title VII provides the exclusive remedy for retaliation in this case, but does not adequately support this contention. Although empowered to do so, Congress did not expressly state any intent to preempt Florida's Whistleblower Act. Nor can it be inferred that Congress regulated employment discrimination and retaliation law so comprehensively under Title VII that a supplementary state remedy, such as the whistleblower claim, could not be concurrently maintained. The language of Title VII furthers this conclusion.

Section 708 of Title VII provides:

Nothing in this title shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this title.

*Guerra,* 479 U.S. at 281–82, 107 S.Ct. 683 (quoting 78 Stat. 262, 42 U.S.C. § 2000e–7).

Further, Title XI, Section 1104, establishes the following standard for preemption, and is applicable to all titles of the Civil Rights Act:

Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.

*Guerra,* 479 U.S. at 282, 107 S.Ct. 683 (quoting 78 Stat. 268, 42 U.S.C. § 2000h–4).

The Supreme Court identified the preemptive powers of sections 708 and 1104 as narrow in scope, citing the importance Congress attached to state anti-discrimination laws, furthering Title VII's goal of equal employment opportunity. *See id.* at 282–83, 107 S.Ct. 683.

Because the first two methods of preemption are clearly not applicable, this Court will determine whether any part of Florida's Whistleblower Act actually conflicts with Title VII, or stands as an obstacle to it, by requiring an act inconsistent with the full purpose of Title VII. In *Guerra,* the Supreme Court held that the state statute was not preempted by Title VII, because it did not conflict with the purpose of Title VII, or require an unlawful act under Title VII. *See id.* at 292, 107 S.Ct. 683.

Under Florida law, an employee who has been the object of retaliatory action in viola-

tion of the Whistleblower Act, may institute a civil action seeking various remedies. *See* Fla. Stat. Ch. 448.103(1)-(2) (1997). Those remedies include injunctive relief, reinstatement of the employee to the former position, or to an equivalent position, reinstatement of full fringe benefits and seniority rights, compensation for lost wages and benefits, and any other compensatory damages allowable at law. *See id.* Section 448.105 conveys the legislature's intention not to diminish the rights, privileges, or remedies of any party under any other law or rule.

The court in *Sandom v. Travelers Mortgage Services, Inc.,* 752 F.Supp. 1240, 1243 (D.N.J.1990), decided a similar issue. In *Sandom,* a female employee brought action against her former employer under Title VII, alleging sexual discrimination and harassment. The employee also brought a claim for retaliatory discharge, under New Jersey's whistleblower statute (CEPA). The defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. *See id.*

Sandom was formerly Vice President of Travelers Mortgage Services (TMC). *See id.* at 1242. Sandom alleged that she did not receive the same level of compensation or benefits as her predecessor because of her gender. *See id.* Further, Sandom alleged that she was paid less than her male counterparts in comparable positions. *See id.* In August of 1989, Sandom left employment for maternity leave. *See id.* Sandom alleged that upon return to work in November of 1989, many of the responsibilities associated with her position had been eliminated, and several subordinates would no longer report to her. *See id.*

On February 28, 1990, Sandom filed a complaint with the Equal Employment Opportunity Commission, charging sexual discrimination. *See id.* Shortly thereafter, Sandom was terminated. *See id.*

In response to the Title VII action and CEPA claim, the defendants argued that the CEPA claim was preempted by Title VII. The defendant reasoned CEPA was necessarily preempted because the complaint stated a claim under Title VII.

The *Sandom* court stated that "[t]he existence of a federal cause of action does not ... foreclose the possibility of concurrent and complementary state law." *Id.* at 1245. The court concluded that because CEPA was in accord with the goals and intentions of Congress, it was not preempted by Title VII. *See id.* at 1246.

In the instant case, Defendant points to no provision of Florida's Whistleblower Act that conflicts with either the plain language or intent of Title VII. Nor does Defendant sufficiently show that Florida's Whistleblower Act is an obstacle to Title VII, by requiring an act inconsistent with Title VII's purpose.

Florida's Whistleblower Statute is in accord with the goals and provisions of Title VII, and is therefore not preempted by it. The two statutes can be maintained concurrently. Accordingly, Count IV of Plaintiff's claim shall not be dismissed because Plaintiff has stated a claim under Florida's Whistleblower Statute.

For the reasons noted above, this Court dismisses only Count I of the Complaint (Dkt.1). Accordingly, it is

ORDERED that Defendant's Motion to Dismiss Count I (Dkt.4) is granted. Defendant's Motion to Dismiss Count IV (Dkt.4) is denied. An Amended Complaint shall be filed within ten days of the date of this Order. The Motion for Leave to File Reply (Dkt.11) is denied.