Eugene C. ANDERSON, et al., Plaintiffs,

v.

SMITHFIELD FOODS, INC., et al., Defendants.

No. 8:01CV441T17TBM.

United States District Court, M.D. Florida, Tampa Division.

Feb. 13, 2002.

Diana Lynn Fuller, Smith & Fuller, P.A., Tampa, FL, Stephen Herre Echsner, J. Michael Papantonio, Neil Duane Overholtz, Levin, Middlebrooks, Thomas, Mitchell, Echsner, Proctor & Papantonio, P.A., Pensacola, FL, Joe R. Whatley, Jr., Whatley Drake, L.L.C., Birmingham, AL, Herbert Tobias Schwartz, F. Kenneth Bailey, Jr., William Bailey Law Firm, L.L.P., Houston, TX, Charles F. Speer, Payne & Jones, Chartered, Overland Park, KS, Robert F. Kennedy, Jr., Law Office of Robert F. Kennedy, Jr., White Plains, NY, Hiram Eastland, Eastland Law Offices, Greenwood, MS, Thomas M. Sobol, Jan Schlichtmann, Lieff, Cabraser, Heimann & Bernstein, Boston, MA, Howard F. Twiggs, Douglas B. Abrams, Twiggs, Abrams, Strickland & Trehy, Raleigh, NC, Stephen Weiss, Seeger Weiss LLP, New York City, Richard H. Middleton, Jr., Suggs, Kelly & Middleton, Savannah, GA, for Eugene C. Anderson.

Diana Lynn Fuller, Smith & Fuller, Tampa, FL, Stephen Herre Echsner, J. Michael Papantonio, Neil Duane Overholtz, Levin, Middlebrooks, Thomas, Mitchell, Echsner, Proctor & Papantonio, P.A., Pensacola, FL, Herbert Tobias Schwartz, F. Kenneth Bailey, Jr., William Bailey Law Firm, L.L.P., Houston, TX, Charles F. Speer, Payne & Jones, Chartered, Overland Park, KS, Robert F. Kennedy, Jr., Law Office of Robert F. Kennedy, Jr., White Plains, NY, Hiram Eastland, Eastland Law Offices, Greenwood, MS, Thomas

M. Sobol, Jan Schlichtmann, Lieff, Cabraser, Heimann & Bernstein, Boston, MA, for Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson.

Diana Lynn Fuller, Smith & Fuller, P.A., Tampa, FL, for Jim Braum, Linus Solberg, Betty Janssen.

Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, J. William Boland, Richard Cullen, Rosewell Page, III, Anne Marie Whittemore, Eugene E. Mathew, III, David E. Evans, McGuire Woods LLP, Richmond, VA, for Smithfield Foods, Inc.

Benjamin H. Hill, III, Hill, Ward & Henderson, P.A., Tampa, FL, John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Ira H. Raphaelson, John B. Owens, O'Melveny & Myers LLP, Washington, DC, for Joseph W. Luter, III.

### *ORDER*

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendant Smithfield Food, Inc.'s Motion to Dismiss First Amended Class Action Complaint and Memorandum of Law (Dkt. Nos. 36–37); Defendant Joseph W. Luter, III's Motion to Dismiss First Amended Class Action Complaint and Memorandum of Law in (Dkt. Nos. 34–35); Defendant Joseph W. Luter, III's Amended Memorandum in Support of Motion to Dismiss First Amended Class Action Complaint (Dkt. No. 45); Plaintiffs' Memorandum of Law in Opposition to Defendants' Motions to Dismiss the First Amended Complaint (Dkt. No. 50); Defendants' Joint Reply Memorandum of Law Supporting their Motions to Dismiss (Dkt. No. 53); and Plaintiffs' First Amended Class Action Complaint (Dkt. No. 23).

### Background

Eugene C. Anderson, Cynthia Bailey Watson, Roger Dae Pickett, Marvin Carnagey, Keith Dotson, Jim Braun, Linus Solberg, and Netty Janssen, individually and on behalf of the proposed Primary Class and Sub–Class (Plaintiffs), have filed suit against Smithfield Foods, Incorporated (Defendant Smithfield) and Joseph W. Luter, III (Defendant Luter) for violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act, Title 18, United States Code, Section 1961, *et seq.*[1] Defendant Smithfield is a large pork processor and hog producer which manufactures a wide variety of processed meats. Defendant Luter was Chairman of the Board, President, and/or Chief Executive Operating Officer for Defendant Smithfield, during the time period of Plaintiffs' allegations. Plaintiffs allege that Defendant Smithfield has systematically, deliberately, and continuously dumped pollutants on property and into waterways, in violation of federal environmental laws. According to Plaintiffs, as a result of these actions, Defendants have misrepresented their compliance with environmental laws to the public, and have used the proceeds stemming from the violation of environmental laws to reinvest the income to carry on the business, thereby violating RICO. Essentially, Plaintiffs allege that Defendants, as a result of carrying on the business, have polluted the environment, and, to continue the violation of federal environmental laws, have engaged in acts of mail fraud, wire fraud, money laundering and violations of the Travel Act. Plaintiffs contend these acts serve as the predicate acts necessary to establish a violation of RICO.

Defendants move to dismiss the Amended Complaint on the grounds that Plain-

---

1. Because Defendant Luter incorporates Defendant Smithfield's arguments into his Motion to Dismiss, this Order will refer to both Defendant Luter and Defendant Smithfield collectively as "Defendants" and will incorporate the motions of both Defendants.

tiffs have failed to state a claim of relief upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Defendants claim that Plaintiffs' Amended Complaint fails to allege that Defendants' actions caused Plaintiffs' injury, that Defendants committed any predicate acts, or that a RICO enterprise exists.

### Standard of Review

In ruling on a motion to dismiss, the court should not dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 56–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must take all material allegations of the complaint as true and liberally construe those allegations in favor of the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, a Plaintiff may not merely "label" claims to survive a motion to dismiss. *Blumel v. Mylander,* 919 F.Supp. 423, 425 (M.D.Fla.1996). At a minimum, the complaint must provide a "short and plain statement of the claim" that "will give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed. R.Civ.P. 8(a)(2)). When, on the basis of a dispositive issue of law, no construction of the factual allegation will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir. 1991).

### Discussion

### I. Defendant Smithfield's Motion to Dismiss

Defendants argue that Plaintiffs' Amended Complaint should be dismissed because it fails to state a claim under the Federal Racketeering Influenced and Corrupt Organizations Act (RICO), Title 18, United States Code, Section 1961, *et seq.* Specifically, Defendants argue that Plaintiffs' Amended Complaint fails to allege that Defendants' actions caused Plaintiffs' injury, that Defendants committed any predicate acts, or that a RICO enterprise exists.

### *The RICO Claim*

Congress designed RICO as a flexible tool to fight organized crime. As such, it makes the following activities unlawful:

> (a) investing income derived, directly or indirectly, from a pattern of racketeering activity through collection of an unlawful debt in any enterprise which affects interstate commerce; (b) acquiring or maintaining an interest in any enterprise which affects interstate commerce through a pattern of racketeering activity or through collection of an unlawful debt; (c) conducting or participating in the affairs of any enterprise which affects interstate commerce through a pattern of racketeering activity or collection of an unlawful debt; or (d) conspiring to violate any of the provisions of Section 1962(a)–(c).

18 U.S.C. § 1962.

"Racketeering activities" covers a wide range of federal and state crimes, including acts that are " 'chargeable' under several generically described state criminal laws, any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud, and any 'offense' involving bankruptcy or securities fraud or drug-related activities that [are] 'punishable' under federal law." *Sedima, S.P.R.L. v. Imrex Co. Inc.,* 473 U.S. 479, 482, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) (quoting 18 U.S.C. § 1961(1)).

To engage in a "pattern of racketeering activity," the defendant must have participated in "at least two acts of racketeering activity, one of which occurred after the

effective date of [RICO] and the last of which occurred within ten years (excluding any term of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). Finally, "enterprise" is defined under the statute as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Id.* § 1961(c).

RICO establishes both criminal and civil penalties for violations of .Section 1962. The civil remedies provision provides a private cause of action for "any person injured in his business or property by reason of a violation of Section 1962." 18 U.S.C. § 1961(c). However, as the United States Supreme Court noted, "in its private civil version, RICO is evolving into something quite different from the original conception of its enactors." *Sedima,* 473 U.S. at 482, 105 S.Ct. 3275. The elements of a civil RICO claim are: "(1) a violation of section 1962; (2) injury to business or property; and (3) that the violation caused the injury." *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991).

### A. Violation of Section 1962

To establish a violation of Section 1962, the plaintiff must allege facts demonstrating that the defendant engaged in a pattern of racketeering activity and that an enterprise existed. *Bill Buck Chevrolet v. GTE Fla.,* 54 F.Supp.2d 1127, 1137 (M.D.Fla.1999).

#### *Pattern of Racketeering Activity*

In showing a pattern of racketeering activity, the plaintiff must allege at least two racketeering predicate acts that are related and that amount to, or threaten the likelihood of, continued criminal activity. *H.J. Inc. v. Northwestern Bell Tele. Co.,* 492 U.S. 229, 237–238, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Therefore, in order to survive a motion to dismiss, the plaintiff must allege facts sufficient to support at least two of the predicate acts. *Republic of Panama v. BCCI Holdings,* 119 F.3d 935, 949 (11th Cir.1997).

#### 1. Racketeering Activity

Plaintiffs allege that Defendants engaged in the following predicate acts: mail fraud in violation of Title 18, United States Code, Section 1341; wire fraud in violation of Title 18, United States Code, Section 1343; money laundering in violation of Title 18, United States Code, Section 1956; and acts in violation of the Travel Act, Title 18, United States Code, Section 1952(a). Each of these statutes requires proof of scienter. *BCCI Holdings,* 119 F.3d at 949 (citing *Pelletier,* 921 F.2d at 1498). Defendants argue that Plaintiffs fail to establish that Defendants committed any predicate acts.

A plaintiff must show the following elements to establish liability under the federal wire and mail fraud statutes: "(1) that defendants knowingly devised or participated in a scheme to defraud plaintiffs, (2) that they did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails or the interstate wires for the purpose of executing the scheme." *Langford v. Rite Aid of Alabama, Inc.,* 231 F.3d 1308, 1312 (11th Cir.2000) (citing *Neder v. U.S.,* 527 U.S. 1, 24–25, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Additionally, the federal money laundering statute makes it illegal to engage knowingly in acts involving illegally obtained money either to promote a criminal activity or to conceal the source of the funds. 18 U.S.C. § 1956.

Plaintiffs' Amended Complaint alleges that Defendant Smithfield has made, and continues to make, material misrepresentations of material facts to government agencies and the general public, while maintaining that it is complying with envi-

ronmental regulations, and this behavior constitutes Defendants' scheme to defraud Plaintiffs. Although proof of mail or wire fraud requires a showing that the defendant had the knowing intent to defraud, a RICO plaintiff does not need direct proof of scienter. *Bill Buck Chevrolet,* 54 F.Supp.2d at 1132. However, "[a] RICO plaintiff's allegations of scienter cannot be 'merely conclusory and unsupported by any factual allegations.'" *Id.* (quoting *Republic of Panama v. BCCI Holdings,* 119 F.3d 935, 949 (11th Cir.1997) (quoting *O'Malley v. O'Neill,* 887 F.2d 1557, 1561 (11th Cir.1989))).

■ The Court finds that the allegations in Plaintiffs' Amended Complaint do not give rise to a "strong inference" that Defendants possessed the specific intent necessary for the alleged predicate acts. *See Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 50 (2d Cir.1987) (stating that RICO plaintiffs must "provide some factual basis for conclusory allegations of intent"). Plaintiffs' Amended Complaint does not allege that Defendants' plan was to knowingly mislead Plaintiffs into thinking or believing that Defendants were complying with federal environmental laws, nor does it allege that their purpose in misrepresenting their compliance with federal law was with the sole intent of defrauding Plaintiffs. Thus, Plaintiffs' allegations of mail and wire fraud are insufficient to withstand Defendants' Motions to Dismiss.

■ Plaintiffs also allege that Defendants knowingly violated federal environmental statutes and various unnamed state laws and then used the money that they illegally obtained (by failing to comply with the federal statutes and the state laws) to continue to violate laws, thereby promoting criminal activity and violating the federal money laundering statute. Assuming that all of Plaintiffs' facts are true, the Court concludes that Defendants did not engage in any money laundering activity. The mere accusation that the failure to comply with environmental statutes results in the use of illegal funds to promote criminal activity is insufficient to show that Defendants engaged in money laundering. The money that Defendants allegedly illegally obtained to violate RICO and environmental laws, and to allegedly commit mail and wire fraud, was money that Defendants legally obtained through the operation of its business. Saving money as a result of the alleged noncompliance with the requirements of an environmental statute does not make the money illegally obtained for the purposes of the money laundering statute.

In the absence of allegations demonstrating that Defendants had the scienter necessary to commit mail or wire fraud or to launder money, the Court finds that Plaintiffs have not stated a RICO claim.

The Court recognizes Plaintiffs' concern for the impact that Defendants' business has on the environment. However, the Clean Air Act, the Clean Water Act, and a variety of other statutes were designed to protect against these hazards. Although Plaintiffs allege that Defendants consistently and constantly violate these statutes, RICO is not the proper remedy for Plaintiffs to vindicate their rights involving violations of these statutes. Plaintiffs may have remedies available through federal or state agencies, or other causes of action available in federal or state court.

### 2. Pattern

■ If the plaintiff has pled the requisite predicate acts, the Court must look to see if he or she has pled the pattern of such acts. Pleading that a pattern exists requires the plaintiff to plead both that the predicate acts are related to each other, and that they either constitute or threaten long-term criminal activity. *Northwestern*

*Bell,* 492 U.S. at 239, 109 S.Ct. 2893. Predicate acts are related if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* The continuity aspect refers to either a closed period of repeated conduct or to past conduct that, by its nature, projects into the future with a threat of competition. *Bill Buck Chevrolet,* 54 F.Supp.2d at 1134 (quoting *Northwestern Bell,* 492 U.S. at 241, 109 S.Ct. 2893). "[T]he threat of continuity may be established by showing that the predicate acts or offenses are part of an ongoing entity's regular way of doing business." *Id.* (quoting *Northwestern Bell,* 492 U.S. at 243, 109 S.Ct. 2893).

Plaintiffs allege that Defendants have continuously engaged in the predicate acts listed above as part of Defendants' normal process of carrying on its business. Although Plaintiffs adequately pled that these acts are related to each other and "have the same or similar purposes, results, participants, victims, or methods of commission," the Court finds that, because Plaintiffs have failed to set forth predicate acts, the Amended Complaint fails to allege a pattern of racketeering activity.

### Enterprise

"The definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes." *U.S. v. Goldin Industries, Inc.,* 219 F.3d 1271 (11th Cir. 2000). In this Circuit, the "person" and the "enterprise" cannot be the same person. *U.S. v. Goldin Industries, Inc.,* 219 F.3d 1268, 1269 (11th Cir.2000) (en banc).

Here, Plaintiffs allege that Defendants are part of the enterprise, not the enterprise; thus, Plaintiffs do not allege that the person and the enterprise are the same. Defendants argue that Plaintiffs' complaint is so vague with respect to the components of the alleged enterprise that it is impossible to determine whether Plaintiffs allege an enterprise satisfying the requirements of RICO. The Court agrees with Defendants. Plaintiffs' Amended Complaint identifies the other members of the alleged members in vague terms, such as "non-company co-conspirators" and "other not named defendants." Although Defendants' subsidiaries are included in its alleged enterprise, Plaintiffs never identify the "non-company co-conspirators" and "other not named defendants" as having a business relationship with Defendants, much less as having engaged in the alleged predicate acts in the context of that business relationship. As this Court has previously stated:

> The presence of an enterprise is an essential element of a RICO complaint. Merely identifying the type of business in which the members of the alleged enterprise engage in is not enough either to allow the Court to evaluate whether the alleged enterprise constitutes an enterprise within the meaning of RICO or to provide Defendant fair notice of the claim against which Defendant must defend.

*Bill Buck Chevrolet,* 54 F.Supp.2d at 1135. Here, Plaintiffs have not alleged sufficient facts to show that a RICO enterprise in fact exists. The Court concludes that the Amended Complaint fails to show a violation of Section 1962, and fails to state a claim of relief under RICO.

### B. Causation of Injury

 Additionally, Plaintiffs' Amended Complaint does not allege facts showing that Plaintiffs were harmed by the Section 1962 violation alleged. A plaintiff suing under civil RICO must show that his injury was proximately caused by the commis-

sion of the predicate acts. In *Pelletier v. Zweifel,* the Eleventh Circuit explained:

> There is some question whether this proximate cause requirement limits damages recoverable to those caused directly by the predicate act or to those caused indirectly by the predicate act. We have taken the more restrictive view, holding that a plaintiff has standing to sue under section 1964(c) *only if his injury flowed directly from the commission of the predicate acts.* This means that when the alleged predicate act is mail or wire fraud, the Plaintiff must have been a target of the scheme to defraud and must have relied to his detriment on misrepresentations made in furtherance of that scheme.

921 F.2d 1465, 1499–1500 (11th Cir.1991) (internal citations omitted) (emphasis added). A "scheme to defraud" involves making misrepresentations "reasonably calculated to deceive persons of ordinary prudence and comprehension." *Wilson v. De Angelis,* 156 F.Supp.2d 1335, 1338 (S.D.Fla.2001) (quoting *Pelletier,* 921 F.2d at 1498–1499).

■ In taking the allegations of Plaintiffs' Amended Complaint as true, the Court finds that Plaintiffs fail to establish the causation requirement for a civil RICO cause of action. Plaintiffs make no allegations that Defendants' plan was to knowingly mislead Plaintiffs into thinking or believing Defendants were violating federal environmental laws, nor do Plaintiffs allege that Defendants' purpose in misrepresenting compliance with federal law was with the sole intent of defrauding Plaintiffs. Additionally, Plaintiffs' Amended Complaint does not set forth how Defendants' alleged misrepresentations or alleged predicate acts injured Plaintiffs' property, or their use and enjoyment of their property. From looking at the Amended Complaint, there is no construction of the factual allegations that could lead to the conclusion that Defendants targeted Plaintiffs in the alleged "scheme to defraud" Plaintiffs by the alleged acts of mail and wire fraud. Moreover, Plaintiffs' injuries do not flow directly from Defendants' alleged commission of the predicate acts, as this Circuit requires to establish a cause of action for a civil RICO claim. Plaintiffs' Amended Complaint therefore fails to establish that the alleged pattern of racketeering caused its injury.

### Civil Conspiracy

■ To state a cause of action for a civil conspiracy, a plaintiff must allege: 1) an agreement between two or more parties to achieve an illegal objective; 2) an overt act in furtherance of that illegal objective; and 3) resulting injury. *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc.,* 140 F.3d 898 (11th Cir.1998). However, the RICO conspiracy provision in Section 1962(d) does not require an overt act. Instead, a Plaintiff asserting a violation of Section 1962(d) must allege that "the conspirators agreed to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity." *Florida Software Sys. v. Columbia/HCA Healthcare Corp.,* 46 F.Supp.2d 1276, 1281 (M.D.Fla.1999) (quoting *U.S. v. Castro,* 89 F.3d 1443, 1451 (11th Cir.1996)). In this Circuit, proof of an agreement to participate in a RICO conspiracy can be established by either "(1) showing an agreement of an overall objective or (2) in the absence of an agreement on an overall objective, by showing that a defendant agreed personally to commit two predicate acts." *Id.* (quoting *U.S. v. Church,* 955 F.2d 688, 694 (11th Cir. 1992)).

■ Plaintiffs do not allege sufficient facts to infer an agreement between Defendants and "non-company co-conspirators" or "other unnamed defendants" nec-

essary to support their RICO claim under Section 1962(d). Plaintiffs allege that "Defendant Smithfield and the [anonymous] co-conspirators ... have agreed to the overall objective of the conspiracy and/or have agreed to commit predicate acts in furtherance of the conspiracy." (Dkt. 23, pg. 105, at ¶ 368). Although Plaintiffs use all of the right "buzz words," Plaintiffs fail to allege what the "overall objective" of the conspiracy is, or what the predicate acts are. Moreover, Plaintiffs fail to allege with whom Defendants conspired. Therefore, the Amended Complaint fails to state a claim of relief under Section 1962(d).

Because the Court finds that the allegations of Plaintiffs' Amended Complaint are insufficient to support the existence of the RICO claims that it asserts, the Court must grant Defendants' Motions to Dismiss.

### II. Defendant Luter's Motion to Dismiss

Although Defendant Luter asserts additional reasons to dismiss Plaintiffs' Amended Complaint, because the Court finds that Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted, the Court will not consider the additional reasons set forth in his memorandum of law in support of his Motion, and will grant the Motion to Dismiss.

Accordingly, it is:

**ORDERED** that Defendant Smithfield Food, Inc.'s Motion to Dismiss First Amended Class Action Complaint (Dkt. No. 36) be **GRANTED;** Defendants' requests for oral argument are **DENIED;** and Defendant Joseph W. Luter, III's Motion to Dismiss First Amended Class Action Complaint (Dkt. No. 34) is **GRANTED.** The Court will grant thirty days from the date of this Order to file another Amended Complaint. If no Amended Complaint is filed, this case will be dismissed at that time.