Thomas W. BAGLEY et al., Plaintiff,

v.

FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE, as Corporate Trustee of the Julia Gustafson Bagley Trust et al., Defendants.

No. 79–726–Civ–J–WC.

United States District Court,
M. D. Florida,
Jacksonville Division.

April 10, 1980.

**12**

Thomas R. Prewitt and Edward M. Kaplan, Memphis, Tenn., John H. Wilbur and James F. Valenti, Jr., Jacksonville, Fla., for plaintiff.

E. Earle Zehmer, James H. Sheehan, Jacksonville, Fla., for defendants.

## ORDER ON MOTION TO DISMISS

CASTAGNA, District Judge.

This Court has for adjudication Defendant's Motion to Dismiss. A hearing was held on the Motion to Dismiss as well as on a Motion to Remand filed in a related case styled Florida First National Bank of Jacksonville, as Corporate Trustee of the Julia Gustafson Bagley Trust, et al. v. Thomas W. Bagley, et al., 79–725–Civ–J–WC, The Motion to Remand having been granted in a separate Order, the Court faces a decision whether to defer to the jurisdiction of the Circuit Court.

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court held that the district courts have the authority to stay or dismiss a federal action because of a pending state court proceeding even when matters of substantive federal law are involved. A fortiori, the preceding principle would apply where the issues involve only state law. While the circumstances permitting dismissal of such a suit are more limited than the circumstances appropriate for abstention, they nevertheless exist. In evaluating the circumstances permitting dismissal, no one factor is considered determinative, and in the last analysis the decision whether to defer to the concurrent jurisdiction of a state court lies with the sound discretion of the district court. *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), *Colorado River, supra.*

The *Will*'s Court brought out the well established principle that while the pendency of an action in the state does not bar an action concerning the same subject matter in the federal court having jurisdiction, it is equally well settled that the district court is not bound to exercise jurisdiction where the controversy may be settled more expeditiously in the state court. Indeed, the desirability of avoiding wasteful and piecemeal litigation was one of the facts advanced in *Colorado River* as calling for the dismissal of a federal suit due to a pending state court suit.

In the case *sub judice*, the Plaintiff, Thomas W. Bagley, seeks to litigate the same issues among the same parties in the case now having been remanded to the Circuit Court. Indeed, in the remanded case, Bagley filed a counterclaim raising the very issues asserted in his present complaint, notwithstanding the pending motion to amend his pleadings. An additional factor is that the issues bearing on the case will be resolved by state law.

The Court is cognizant of the principle that a party will not be deprived of a federal forum merely because another litigant reaches the state courthouse first. However, it is equally just that when a federal plaintiff is also a defendant in a pending state case, the federal action may properly be dismissed as long as the federal plaintiff's interest will be adequately protected in the state proceedings. *Zellen v. Second New Haven Bank*, 454 F.Supp. 1359 (D.Conn.1978). Bagley is in the very position addressed by the *Zellen* Court. Bagley is presently a federal plaintiff while simultaneously a defendant in a pending state court suit, where he has raised the same issues in both proceedings. Furthermore, while it might be said that Bagley lost the race to the courthouse, Bagley has failed to show that his interests cannot be protected in the Circuit Court.

'Gratuitous interference with the orderly and comprehensive disposition of a state

court litigation should be avoided.' *Will, supra,* 98 S.Ct. at 2558, *quoting Brilhart v. Excess Insurance Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). 'Wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation,' *Colorado River, supra,* 96 S.Ct. at 1246, *quoting Kerotest Mfg. Co. v. C–O Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952), demands dismissing this cause, where another cause having been remanded to the Circuit Court, embraces the same issues among the same parties and is to be decided on the basis of state law.

It is accordingly,

ORDERED:

1. That the Defendant's Motion to Dismiss is granted.

2. This cause is dismissed.