**Martin F. KLINGENBERG, Plaintiff,**

v.

**BOBBIN PUBLICATIONS, INC., Defendant.**

**Civ. A. No. 81–0664.**

United States District Court, District of Columbia.

Jan. 18, 1982.

Terence P. Boyle, Brian P. Phelan, Robert J. Steele, Washington, D.C., for plaintiff.

Alan Raywid, Cole, Raywid & Braverman, Washington, D.C., for defendant.

### ORDER

JOYCE HENS GREEN, District Judge.

This case involves a dispute over a written contract under which the plaintiff (Klingenberg) was to act as defendant's (Bobbin Publications, Inc., hereinafter "Bobbin") agent and arrange for a trade show to display defendant's products in the People's Republic of China in exchange for a $5000 advance fee and 10% of the proceeds of the future show. Defendant has moved to dismiss, or in the alternative, stay all proceedings in this action, including discovery. Bobbin bases this motion on an action pending in state court in South Carolina involving the same parties and issues. In South Carolina, Bobbin is the plaintiff and Klingenberg is the defendant. The state court action filed January 1, 1981 in the Court of Common Pleas was removed to the South Carolina federal district court by Klingenberg (defendant there), after he filed a counterclaim alleging facts and is-

---

sues identical to his affirmative claim as plaintiff in this action. On October 6, 1981 the case was remanded to the Court of Common Pleas because the removal by Klingenberg had not been timely, and thus the South Carolina action is now lodged in state court.

Bobbin moves to dismiss or stay this action because the parties and issues involved in the South Carolina case are identical to those before this court, and because a dismissal or stay will conserve judicial resources, prevent a duplication of effort by the parties, and allow a full determination of the issues in the forum where the suit originated. Defendant opposes this motion, arguing that a dismissal denies his right to litigate the issues in a federal forum.

■ Although the pendency of an action in the state court is no bar to proceedings concerning the same matter in a federal district court having jurisdiction, a district court is "under no compulsion to exercise that jurisdiction," *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942) where the controversy may be settled more expeditiously in the state court. *Will v. Calvert*, 437 U.S. 655, 662, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978). The decision in such circumstances is largely committed to the discretion of the district court (*Will, supra*, 437 U.S. at 664, 98 S.Ct. at 2558). Deference to state court may be equally appropriate whether the case involves federal substantive law or state law. *Colorado River Water Conservation District v. U. S.*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

*Colorado River*, the principal case upon which the plaintiff relies in his opposition to the defendant's motion to dismiss, emphasizes the "virtually unflagging obligation" of the federal courts to exercise their jurisdiction. However, *Will v. Calvert, supra,* clarifies this language and explains that *Colorado River* "in no way undermines the conclusion of *Brillhart* that the decision on whether to defer to the concurrent jurisdiction of the state court is discretionary." *Will, supra*, 437 U.S. at 664, 98 S.Ct. at 2558. In fact, the Supreme Court in *Colo-*

*rado River* ruled to *uphold* a district court's decision to dismiss that case because other factors clearly showed that dismissal was justified. In reaching its decision, the court in *Colorado River* considered the need to avoid wasteful or piecemeal litigation, the order in which jurisdiction was obtained by the concurrent forums, and the convenience of each forum to the parties. An examination of those factors in this case supports dismissal.

■ The court in *Colorado River* was concerned that deference to state courts might foster piecemeal adjudication of a federal question. In contrast, this case involves no federal issues but instead is governed by the contract law of South Carolina, and there is no indication that the state court cannot speedily and fully resolve the issues. Because the cases duplicate and do not merely overlap each other, there is no danger that a dismissal from one forum will jeopardize either party's right to have any issue tried.

Another factor to be considered is the inconvenience of the parties. Plaintiff's earlier plan to remove the state court action to federal court in South Carolina and then voluntarily dismiss this action, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 1, indicates that he could appear in that state's courts without undue burden, and that forum is obviously convenient to the defendant. On the other hand, a duplicative trial in this court would be geographically inconvenient for the defendant, which has never expressed a willingness to litigate in the District of Columbia. Jurisdiction was obtained first by the state court of South Carolina, as Bobbin filed there two and one-half months before the plaintiff brought this claim in the District of Columbia. Although the "race to the courthouse" is not dispositive, it tips the scales toward proceeding in the South Carolina forum, particularly because plaintiff has failed to show that his interests will be unprotected there.

Furthermore, proceeding in both federal and state courts would result in a "race to the finish line" because the first court to reach its decision (which must be based on

175

South Carolina law) will determine the outcome of the second case by the operation of the principle of *res judicata*.

The courts of this jurisdiction have not yet applied the factors discussed in *Colorado River* and clarified by *Will v. Calvert* to the question of dismissal in favor of a state court action, but the issue has appeared in other federal courts. In *Bagley v. Florida 1st National Bank of Jacksonville*, 508 F.Supp. 11 (1980), the district found that "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, demands dismissal," where another case, which was remanded to state court, "embraces the same issues among the same parties and is to be decided on the basis of state law." *Bagley, supra*, 508 F.Supp. at 12. In *Delvaux v. Ford Motor Co.*, 518 F.Supp. 1249 (1981), the district court in Wisconsin declined to stay proceedings in favor of an identical claim in a Wisconsin state court, basing its decision in part on a strong possibility that the parallel state action would never proceed to trial. That danger does not exist in this case: in fact, the only delays in the state court action have been caused by our plaintiff's tardy attempts to remove the case to federal court. With that question now resolved, the state court's attention can turn to the merits and resolution of the case. To duplicate the proceedings in this forum would be wasteful and unnecessary.

No purposes would be served in a stay rather than dismissal, as at the conclusion of the South Carolina action, this court would be bound by the decision there under the principle of *res judicata*.

Accordingly, it is this 18th day of January, 1982, hereby

ORDERED, that defendant's Motion to Dismiss or in the Alternative for a Stay of Proceedings be, and it hereby is, granted as to the Motion to Dismiss, and this action stands dismissed.