Allen G. DELANEY, M.D., Plaintiff,

v.

CAPITOL HILL ANESTHESIA
ASSOCIATES, P.C., et al.,
Defendants.

Civ. A. No. 84–3793.

United States District Court,
District of Columbia.

Jan. 24, 1985.

John Jude O'Donnell, Randell Hunt Norton, Washington, D.C., for plaintiff.

A. Slater Clarke, Bethesda, Md., for defendants.

## MEMORANDUM

GESELL, District Judge.

This is a dispute among three physicians over the operation of a District of Columbia professional corporation which they organized and in which they each own one-third of the voting shares. The physicians are licensed by the District of Columbia to practice medicine and conduct their practice in the District.

This wholly local dispute, which is devoid of any federal claim, was lodged by one of the disputant doctors, Delaney, about an hour after the other two doctors sued him in the Superior Court of the District of Columbia. He seeks to perpetuate the controversy here, asserting that the Court must exercise its so-called diversity jurisdiction. After considering the briefs of the parties and the entire record herein, the Court has determined in its discretion that this action must be dismissed under the "exceptional circumstances" test set out in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). The following reasons and authorities cited support this determination.

(1) This Court's diversity jurisdiction was created to establish an "independent tribunal ... unaffected by local prejudices and sectional views," *Burgess v. Seligman*, 107 U.S. (17 Otto) 20, 34, 27 L.Ed. 359 (1883), toward outsiders. This is not the type of controversy which that diversity jurisdiction was created to serve. There are no outsiders here. Diversity of citizenship was created technically only by the happenstance that plaintiff lives in one Washington, D.C. suburb (Arlington, Va.) while defendants' homes are situated a short distance away in the District of Columbia. However, all parties have embraced the District for their professional advantage.

(2) While plaintiff has not sought dissolution as a remedy in the Superior Court, he has by counterclaim and third-party action in that case raised factual issues that must be developed and resolved before any order of dissolution of the professional corporation, which he has sought here, could be ordered. The Superior Court of course has dissolution authority. In addition, the Superior Court suit has other parties not present in this case—parties who are not technically necessary to the resolution of this case but who are involved in the underlying controversy.[1] All of the factual issues and all of the parties in this controversy thus are in the Superior Court suit. However, only some of the issues and some of the parties are before this Court. The danger of piecemeal litigation would be substantially reduced by going forward only with the Superior Court action. *See Colorado River Water District,* 424 U.S. at 818, 96 S.Ct. at 1246.

(3) The Superior Court obtained jurisdiction first, albeit by a short time. *See Colorado River Water District,* 424 U.S. at 818, 96 S.Ct. at 1246.

(4) The Superior Court action is further advanced than this case; it is at issue while this case is not. This Court heard testimony at a preliminary injunction hearing, but it did not substantially advance the resolution of the issues. *See Moses H. Cone Memorial Hospital v. Mercury Construction Co.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983); *Colorado River Water District,* 424 U.S. at 820, 96 S.Ct. at 1247.

(5) This is not the appropriate jurisdiction to consider whether or not a District of Columbia corporation should be dissolved under the District of Columbia statute where the corporation is owned by three locally licensed professionals, particularly since the local law of dissolution is as yet not clearly developed by the governing court. There are no federal issues in the case at all. *See Moses H. Cone Memorial Hospital,* 460 U.S. at 16, 23–24, 103 S.Ct. at 937, 941. *See also Moos v. Wells,* 585

F.Supp. 1348, 1350 (S.D.N.Y.1984); *Klingenberg v. Bobbin Publications, Inc.,* 530 F.Supp. 173, 174 (D.D.C.1982).

(6) If this action were to proceed there would be a substantial duplication of judicial effort and resources. In addition, there would be an unseemly "race to the finish line" between the two actions, and the winner would seek to impose the rules of *res judicata* in the other action.

(7) If this Court should proceed and order dissolution as plaintiff desires before the Superior Court action was completed, that order would deprive plaintiff physician in the Superior Court of the benefit of that suit insofar as the Superior Court suit may serve to bolster corporate resources and opportunity, two factors bearing directly on the merits of the dissolution issue. Plaintiff's rights are better protected in the Superior Court action than here. *See Moses H. Cone Hospital,* 460 U.S. at 26–27, 103 S.Ct. at 942–43.

(8) Other factors involved in the *Colorado River Water District* test are not involved here—for example, there is no relative inconvenience between the federal and local courthouses for the parties. However, the presence of the other factors enumerated above makes this a case where there is the "clearest of justifications" warranting dismissal. *Colorado River Water District,* 424 U.S. at 819, 96 S.Ct. at 1247. This is a completely local dispute among local professionals involving only local law issues; the facts and the parties are fully present and the rights of the parties are fully protected in the local forum, which asserted prior jurisdiction and has a more advanced lawsuit. Wise use of judicial resources requires dismissal.

**ORDER**

Upon consideration of the memoranda of the parties filed at the Court's request on the issue of dismissal under the *Colorado River Water District* test, and upon review of the entire record herein, for reasons

1. Non-diverse parties are on both sides of the Superior Court action.

stated in an accompanying Memorandum, it is hereby

ORDERED that this suit is dismissed without prejudice, each party to bear its own costs.