**JOHNSTON LEMON &
CO., INC., Plaintiff,**

v.

**Bill G. SMITH, et al., Defendants.**

Civ. A. No. 94–1683 (JR).

United States District Court,
District of Columbia.

April 7, 1995.

See also: 886 F.Supp. 54.

Douglas Kevin Spaulding, Reed Smith Shaw and McClay, Washington, DC, for plaintiff.

Joseph Anthony Ingrisano, Gilbert William Boyce, Kutak & Rock, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

ROBERTSON, District Judge.

This action, brought pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, seeks an order vacating an award rendered by an arbitration panel of the National Association of Securities Dealers. The complaint (styled in the parlance of the FAA a "motion to vacate the arbitration award") was filed August 3, 1994 within minutes of the filing, in Superior Court of the District of Columbia, of the petition of defendants Bill G. Smith, *et al.*, to *confirm* the same arbitration award. Before the Court is defendants' motion to dismiss or stay plaintiff's federal action [4].

It is undisputed that this Court and Superior Court have concurrent jurisdiction. *See*

FAA, 9 U.S.C. §§ 9, 10; District of Columbia Code §§ 11–921 and 16–4313. It is undisputed, further, that this action and the Superior Court action are "mirrors" of one another, so that the first decision of one court or the other will dispose of all the parties' claims. The parties also agree that both cases are now fully briefed and ripe for decision on the merits in either court. The question posed by the instant motion, accordingly, is whether this Court should defer to the jurisdiction of Superior Court.

■ In *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–21, 96 S.Ct. 1236, 1246–48, 47 L.Ed.2d 483 (1976), the Supreme Court set forth four factors that should inform a district court's discretionary decision whether to refrain from exercising jurisdiction over an action that is pending before a state court but over which the district court also has jurisdiction: (1) whether the state court has assumed jurisdiction over property (here this factor is inapplicable); (2) the relative inconvenience of the federal and state forums (this Court and Superior Court are less than a block apart); (3) the desirability of stopping piecemeal litigation (counsel agree that there is no risk of piecemeal litigation); and (4) the order in which jurisdiction was obtained by the courts (the Superior Court case was date-stamped minutes before this action, and the difference is negligible). *See Klingenberg v. Bobbin Publications,* 530 F.Supp. 173 (D.D.C.1982), ("race to the courthouse [was] not dispositive" even when actions were filed several weeks apart). In *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1982), the Supreme Court added two more factors: (5) whether federal law or state law provides the rule of decision, (*see Snap-on Tools Corporation v. Mason,* 18 F.3d 1261 (5th Cir.1994), holding that federal law provides the rule of decision on merits in a suit to compel arbitration); and (6) whether the state forum will adequately protect the interests of the parties (counsel concede that both actions provide adequate protection to all of the parties involved).

■ None of these factors tips the balance in this case. The fact that motions were presented to and decided by two Superior Court judges before this Court convened a hearing on the instant motion might have provided a basis for deciding that the investment of Superior Court judicial resources warranted deference by this Court, under the "conservation of judicial resources" rubric, *see Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, but at the oral argument of the instant motion the parties appeared to be in agreement that the motions in Superior Court only mirrored the motions that have been presented here and that no Superior Court judge has yet become significantly involved in the merits.

Application of the factors set forth by the two leading Supreme Court cases thus results in something very close to equipoise—except for the emphasis both decisions place on the obligation of a district court to exercise jurisdiction. In the *Colorado River* case, the Supreme Court instructed that a district court's judgment should "take into account both the obligation to exercise jurisdiction and the combination of factors counselling against exercise...." 424 U.S. at 818–19, 96 S.Ct. at 1247. Those factors are to be carefully balanced as they apply, but the balance is to be "heavily weighted" in favor of the exercise of federal jurisdiction, *Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937, and failure to give enough weight to that obligation can be an abuse of discretion. *Id.* at 28, 103 S.Ct. at 943.

The Superior Court has scheduled oral argument for May 5, 1995. The calendar of this Court permits an earlier hearing and decision of the merits. In view of the Supreme Court's instruction to give heavy weight to the obligation to exercise jurisdiction, and in the interest of achieving an (only slightly) speedier resolution of this case on the merits, it is this 7th day of April 1995 **ORDERED** that:

1. Defendants' motion to dismiss or stay [# 4] is **denied;** and

2. A hearing on the merits is set for 4:00 p.m. on April 18, 1995.