SUNPOINT SECURITIES,
INC., Plaintiff,

v.

Mary K. PORTA and Doris
Porta, Defendants.

No. 8:99–CV–741–T–17F.

United States District Court,
M.D. Florida,
Tampa Division.

March 31, 2000.

Jonathan J. Ellis, Broad & Cassel, Tampa, FL, Andrew R. Korn, Andrew R. Korn, P.C., Dallas, TX, for plaintiffs.

Allan J. Fedor, Fedor & Fedor, Largo, FL, for defendants.

## *ORDER*

KOVACHEVICH, District Judge.

This cause comes before the Court on Plaintiff's Complaint and Application Moving the Court to Set Aside and Vacate Arbitration Award (Dkt. 1); Defendants' opposition (Dkt. 10); Jay H. Drivas' Pro Se Motion to Intervene as a co-plaintiff (Dkt. 4); Plaintiff's Motion to Add Jay H. Drivas as an Additional Plaintiff Pursuant to Fed.R.Civ.P. 20(a) (Dkt. 14); Defendants' opposition (Dkt. 15); Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment and Supporting Memorandum of Law (Dkt. 7) and Plaintiff's response (Dkt. 13).

## *INTRODUCTION*

On March 30, 1999, Plaintiff filed a Complaint and motion for this Court to set aside and vacate the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 10. Plaintiff alleges that the award should be vacated for the following reasons: (1) the arbitration panel committed a manifest disregard of the law; (2) enforcement of the award is contrary to public policy; (3) the award was procured by undue means; and (4) the arbitrators showed partiality. After Plaintiff filed its Complaint and motion, Jay H. Drivas filed a pro se motion to intervene as a co-plaintiff and adopt Plaintiff's Complaint and motion to vacate award. Shortly thereafter, Plaintiff filed a motion to join Mr. Drivas as a co-plaintiff pursuant to Rule 20(a). Defendants argue Mr. Drivas is an "indispensable" party under Rule 19 and, therefore Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction as joinder of Mr. Drivas will destroy diversity. The Court will first address the jurisdictional issue.

## *FACTUAL BACKGROUND*

Mr. Drivas sold three secured promissory notes to Defendants while he was employed

by Plaintiff. Upon the sale, Defendants signed a Subscription Agreement acknowledging the receipt of a prospectus, the terms of which governed the investment in the Notes. Defendants claimed that they did not receive a prospectus and that they were unaware of the risks involved with the purchase of the Notes.

On or about June 3, 1998, Defendants filed their Statement of Claim with the National Association of Securities Dealer, Inc. (NASD) against Plaintiff and Mr. Drivas asserting common law fraud, breach of fiduciary duty and negligence under the theory of *respondeat superior*. On January 20 and 21, 1999, the parties arbitrated before a three-member panel appointed by the NASD. Mr. Drivas appeared *pro se* during the arbitration. On March 3, 1999, the arbitration panel issued its award finding both Plaintiff and Mr. Drivas jointly and severally liable for fraud and ordered Plaintiff to pay Defendants compensatory and punitive damages totaling over $75,000.

On March 9, 1999, Defendants filed a Motion to Confirm Arbitration Award in Pinellas County Circuit Court against Plaintiff and Mr. Drivas. On March 30, 1999, Plaintiff alone filed its Complaint and motion to vacate the arbitration award with this Court pursuant to the Federal Arbitration Act. Shortly thereafter, Mr. Drivas filed a motion *pro se* to intervene and join Plaintiff's complaint and motion. Plaintiff then moved to join Mr. Drivas under the permissive joinder rule 20(a). Defendants responded and moved to dismiss, or in the alternative for summary judgment, under Rule 12(b) for failure to state a claim and lack of subject matter jurisdiction.

### STANDARD OF REVIEW

Under *Conley v. Gibson*, a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir.1982). To survive a motion to dismiss, a plaintiff may not merely "label" his or her claims. *Blumel*

*v. Mylander*, 919 F.Supp. 423, 425 (M.D.Fla. 1996). At a minimum the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley*, 355 U.S. at 47, 78 S.Ct. 99 (quoting Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232 (M.D.Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). (citation omitted). Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F.Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *See Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.1991); *Powell v. United States*, 945 F.2d 374 (11th Cir.1991).

### DISCUSSION

■ This Court will first address the issue regarding subject matter jurisdiction. The Federal Arbitration Act does not confer subject matter jurisdiction nor does it create independent federal question jurisdiction. *See Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir.1997). Independent grounds for subject matter jurisdiction must be demonstrated. *See id.* Plaintiff's Complaint and motion initially demonstrated independent subject matter jurisdiction based upon diversity, as Plaintiff is a resident of Texas and Defendants are residents of Florida.

■ Mr. Drivas, who is also a resident of Florida, filed a *pro se* motion to intervene as a co-plaintiff. Motions to intervene require an independent basis for subject matter jurisdiction. *See Moore's Federal Prac-*

*tice* § 24.22 (3d ed.1990.). Essentially, the intervenor must demonstrate either a federal claim or diversity. If the intervenor lacks either one, he may demonstrate supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See id.* However, the court cannot exercise supplemental jurisdiction over a nondiverse party if he seeks to intervene as a plaintiff under Rule 24 in a claim based solely on diversity. *See* 28 U.S.C. § 1367(b). Mr. Drivas is a nondiverse party seeking to intervene as a plaintiff in an action based solely on diversity. Also, although the motion fails to state the rule, it is presumed Mr. Drivas filed his motion under Rule 24. Therefore, the Court cannot exercise supplemental jurisdiction over Mr. Drivas' claim pursuant to 28 U.S.C. § 1367(b). The Court therefore denies Mr. Drivas' motion to intervene.

■ This Court will next address whether Mr. Drivas can be joined pursuant to Rule 20(a). Plaintiff claims that the permissive joinder rule allows Plaintiff to join Mr. Drivas as a co-plaintiff. Defendants argue that this Court should compel Mr. Drivas to join under Rule 19 as he is a necessary party for just adjudication. The permissive joinder rule permits plaintiffs to structure litigation and join multiple parties on either side as they choose. *See Moore's Federal Practice* § 20.02[1][d]. The two requirements for permissive joinder are that the additional claims involve common questions of law or fact and that the claims arise from the same transaction or occurrence. *See* Fed.R.Civ.P. 20. However, this rule is procedural only and does not affect jurisdictional requirements. *See Moore's Federal Practice* § 20.02[1][d]. Therefore, each additional claim requires an independent basis of subject matter jurisdiction. *See Moore's Federal Practice* § 20.02[6][a]. If the plaintiff joins parties who destroy diversity, the case will be dismissed, unless supplemental jurisdiction is demonstrated. *See id.* The supplemental jurisdiction statute provides certain limitations in diversity cases which preclude supplemental jurisdiction over three groups: (1) claims by plaintiffs joined under Rule 19; (2) claims by absentees seeking to intervene as plaintiffs under Rule 24; and (3) claims by plaintiffs against parties joined under Rule 14, 19, 20, or 24. *See* 28 U.S.C. § 1367(b).

Supplemental jurisdiction is not precluded over claims by plaintiffs joined under Rule 20.

■ Mr. Drivas seeks the same relief set forth in Plaintiff's Complaint and motion to vacate arbitration award. Since Mr. Drivas was held jointly and severally liable with the Plaintiff, Mr. Drivas' claim does involve common questions or law or fact and it does arise from the same transaction. Although Mr. Drivas destroys diversity, this Court is not precluded from having supplemental jurisdiction over his claims because he is a co-plaintiff sought to be joined under Rule 20. Therefore, the Court grants Plaintiff's motion to join Mr. Drivas as a co-plaintiff under Rule 20(a).

Defendants argue in their response that Mr. Drivas is a necessary party for just adjudication under Rule 19, and that the compulsory joinder rule overrides the permissive joinder rule. Defendants' understanding of Rule 19 is misplaced. The ultimate goal of the two joinder rules is to cause a person or entity to become a party to the litigation. Rule 20 is permissive and allows the plaintiff to structure litigation and join parties as they wish as long as the rule's requirements are met. *Moore's Federal Practice* § 20.02[6][b]. However, the plaintiff may decide not to join a party that the defendant feels is essential to the litigation. Rule 19 allows the defendant to compel the joinder of that party as long as certain requirements are met. The party that Rule 19 seeks to join is commonly referred to as an "absentee" who is necessary "for a just adjudication." *Moore's Federal Practice* § 20.02[6][b]. Rule 19 could override the plaintiff's decision to not exercise its option to join parties under Rule 20. *Moore's Federal Practice* § 20.02[6][b]. In this case, Plaintiff did exercise its option and used Rule 20(a) to join Mr. Drivas to this action. Had Plaintiff decided not to join Mr. Drivas, then Mr. Drivas would have been an "absentee" subject to compulsory joinder under Rule 19. Therefore, Plaintiff's motion to join Mr. Drivas under Rule 20(a) is granted and this Court retains subject matter jurisdiction to

determine the second issue regarding the arbitration award.

Defendants filed a motion to dismiss Plaintiff's Complaint and motion to vacate arbitration award based upon lack of subject matter jurisdiction and failure to state a claim. With regard to the issue of subject matter jurisdiction, Defendants argue that Plaintiff improperly filed this action with full knowledge that diversity was lacking and that Mr. Drivas should have been joined under Rule 19. However, at the time Plaintiff filed its complaint and motion to vacate, diversity jurisdiction was not lacking. Although Mr. Drivas was a party to the original arbitration claim in 1998, Mr. Drivas was not yet made a party to *this* action. The Court has already addressed this issue and found that Mr. Drivas was properly joined in *this* action under Rule 20(a).

■ Defendants also argue that this Court lacks jurisdiction due to Defendants' confirmation petition pending in state court. This argument is without merit. A pending motion to confirm award before a state court has no bearing on a federal court's jurisdiction to determine a motion to vacate that same award. *See Johnston Lemon & Co., Inc. v. Smith,* 882 F.Supp. 4 (D.D.C.1995); *see also Ilios Shipping & Trading Corp. v. American Anthracite & Bituminous Coal Corp.,* 148 F.Supp. 698 (S.D.N.Y.1957) (motion to vacate award pending in state court had no bearing on federal court's jurisdiction to hear motion to confirm award).

With regard to Plaintiff's alleged failure to state a claim, Defendants argue that Plaintiff did not demonstrate entitlement to relief under Rule 12(b)(6). Plaintiff claims that the arbitration award should be vacated on the following grounds that: (1) the arbitration panel committed a manifest disregard of the law; (2) enforcement of the award is contrary to public policy of maintaining the sanctity of contracts; (3) the award was procured by "undue means"; and (3) the arbitrators showed partiality. The manifest disregard of the law doctrine and violation of public policy are judicially created non-statutory grounds. *See Montes v. Shearson Lehman Bros.,* 128 F.3d 1456, 1461–62 (11th Cir.1997). Courts have traditionally treated these non-statutory

grounds separately. *See id.* at 1459. However, Plaintiff attempts to encompass each ground in the other.

■ Manifest disregard of the law is demonstrated where the arbitrator knows and understands the governing law, but proceeds to ignore it. *See id.* at 1461. However, there is no manifest disregard of the law where the arbitration panel incorrectly interprets the law. *See id.* The Supreme Court has stated that an arbitration panel's incorrect interpretation of the law does not subject an award to reversal. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942, 115 S.Ct. 1920, 1923, 131 L.Ed.2d 985 (1995). Plaintiff states the governing law the arbitration panel ignored was the public policy of maintaining the sanctity of contracts. Specifically, Plaintiff argues that the contract between the parties was binding and that enforcement of the arbitration award against Plaintiff and Mr. Drivas violates the fundamental policy that signed written contracts are binding regardless of whether one of the parties claims ignorance after the fact.

■ Plaintiff's argument fails for two reasons. First, Defendants were not claiming ignorance in the original arbitration claim. Defendants were claiming fraudulent inducement through misrepresentations and omissions on the part of Mr. Drivas, and negligence on the part of Plaintiff under the theory of *respondeat superior.* It is well-settled that no contract exists where assent was induced by misrepresentations. *See Cancanon v. Smith Barney, Harris, Upham & Company,* 805 F.2d 998 (11th Cir.1986). Second, Defendants argued and presented case law to the arbitration panel regarding the nonexistence of contracts where there is fraudulent inducement. Public policy regarding the sanctity of contracts cannot be considered if it is determined that no contract existed. Therefore, it cannot be inferred from the record that the public policy protecting the sanctity of contracts was ignored where the panel heard Defendants' arguments and ultimately determined there was fraud and consequently, no contract. Thus, Plaintiff fails to show a manifest disregard of the law where the arbitration panel

merely interpreted the law before it and based upon its interpretation public policy was not applicable.

■ Plaintiff argues that manifest disregard of the law can also demonstrate undue means or partiality. The Eleventh Circuit has adopted the standard of manifest disregard of the law very narrowly. *See id.* at 1462. This Court will not attempt to stretch the standard to the length Plaintiff suggests. Plaintiff's complaint fails to show any factual support for the allegation that the award was procured by undue means or that the arbitration panel was partial or biased. A mere appearance of bias is not enough to establish partiality. *Austin South I, Ltd. v. Barton–Malow Co.,* 799 F.Supp. 1135 (M.D.Fla.1992).

### CONCLUSION

The Court finds that Plaintiff properly joined Mr. Drivas as a co-plaintiff to this action under Rule 20(a). However, Plaintiff's complaint and motion to vacate arbitration award is dismissed without prejudice as it lacks factual support for the statutory grounds of undue means and partiality. Due to the dismissal of Plaintiff's complaint, Plaintiff's motion to vacate the award is denied. Accordingly, it is

**ORDERED** that Jay H. Drivas' Motion to Intervene (Dkt. 4) is **denied,** Plaintiff's Motion to Add Jay H. Drivas As an Additional Plaintiff Pursuant to Fed.R.Civ.P. 20(a) (Dkt. 14) is **granted,** Defendants' Motion to Dismiss (Dkt. 7) is **granted,** and Plaintiff's Motion to Set Aside and Vacate Arbitration Award (Dkt. 1) is **denied.** If no amended complaint is filed within thirty days of the date of this order, the Clerk of Court shall enter a final judgment of dismissal.