**GEMINI INVESTORS, INC., Gemini Investors IV, L.P., Plaintiff,**

v.

**CHES–MONT DISPOSAL, LLC, WBLF Acquisition Company, LLC, Defendants.**

**Civil Action No. 06–11894–RBC.**

United States District Court, D. Massachusetts.

June 29, 2009.

Peter Alley, Zachary C. Kleinsasser, Victor H. Polk, Jr., Greenberg Traurig LLP, Boston, MA, for Plaintiff.

Jennifer L. Barnett, Marcus, Errico, Emmer & Brooks, P.C., Braintree, MA, Peter A. Biagetti, Wynter N. Lavier, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Boston, MA, Aaron Krauss, Jeffrey I. Pasek, Cozen O'Connor, Philadelphia, PA, for Defendants.

## MEMORANDUM AND RULING ON SUBJECT MATTER JURISDICTION

COLLINGS, United States Magistrate Judge.

The plaintiff, Gemini Investors, Inc. ("Gemini"), moved pursuant to Fed. R.Civ.P. 15 to file a second amended complaint. (# 92) Specifically, Gemini sought to add a second plaintiff, Gemini Investors IV, L.P. ("the Fund"), as a required party under Fed.R.Civ.P. 19. The plaintiff argued that the Fund should be joined as a party-plaintiff because it is the entity that actually would have made the investment which is at issue in this litigation. The defendants, Ches–Mont Disposal, LLC and WBLF Acquisition Company, LLC ("Ches–Mont", "WBLF" or together "the defendants"), opposed the plaintiff's motion.

At the hearing on the motion to amend, plaintiff's counsel argued that he believed the case could go forward without adding the Fund because Gemini was a real party in interest under Rule 17 in that it was "a party with whom or in whose name a contract has been made for another's benefit." Fed.R.Civ.P. 17(a)(1)(F). Counsel took the position that the case could go either way, i.e., under Rule 17 or Rule 19, but that it would be cleaner if the Fund was added as a party.[1]

In ruling on the plaintiff's motion to amend to add the Fund, the Court analyzed the relevant factors utilizing the Rule 19 rubric. *See* # 128. The Court's purpose was to make a determination as to whether the Fund should be added as a party-plaintiff. At no point did the Court make a determination that the Fund was an indispensable party.

---

1. In making the Rule 17 argument, it is clear that plaintiff's counsel, at least at the time of oral argument, was not contending that the Fund was an indispensable party to the litigation under Rule 19.

In allowing the motion to amend, the Court indicated that allowing the motion to amend was contingent upon Gemini being able "fully and properly" to allege the citizenship of the Fund so as to ensure that subject matter jurisdiction was proper. *See* # 128 at 8 [2].

The plaintiff filed the second amended complaint (# 136) on June 9, 2009. After reviewing the allegations of the second amended complaint and hearing further objections from counsel for the defendants, the Court issued the following Order on June 15, 2009:

> In view of the defendants' counsel raising on several occasions at the hearing the issue of subject-matter jurisdiction in connection with the addition of Fund IV as a party-plaintiff, the Court *sua sponte* has determined to inquire into its jurisdiction at this time. The Court is not disposed to go through a 9–day trial with the issue left hanging. In point of fact, the Court has an obligation to inquire into its own subject-matter jurisdiction in these circumstances. *McCulloch v. Velez*, 364 F.3d 1, 5 (1 Cir., 2004). Accordingly, the plaintiff is directed to file and serve affidavits establishing the citizenship of the limited partners of Fund IV and the citizenship of the partners of the partnerships which are limited partners in Fund IV *on or before the close of business on Friday, June 19, 2009.*

Electronic Order dated 06/15/2009 (emphasis in original).

In response to the Court's Order, Gemini and the Fund filed a memorandum of law (# 143) and an affidavit (# 144). With leave, the defendants filed an opposition to the plaintiffs' memorandum together with an affidavit and exhibits. (# 150) The plaintiffs then filed a reply with two affidavits. (# 149) The defendants' further opposition (# 151) is the last written word on the issue.

Oral argument was heard on the subject matter jurisdiction question on June 22, 2009. Gemini and the Fund took the position that their affidavit (# 144) was adequate to establish a *prima facie* case of diversity.[3] Plaintiffs' counsel advised the Court that there were more members of the Fund than he had realized, that the members were trusts, limited liability companies, limited partnerships, etc., and to attempt to gather information regarding the citizenship of each would be an overwhelming undertaking and too burdensome.[4] However, based on the plaintiffs' business records, no member of the Fund has given a Pennsylvania[5] address so there was no reason to believe that diversity does not exist. Further, plaintiffs' counsel reiterated his alternative contention that Rule 17 is applicable, and that

---

**2.** The defendants had opposed the motion to amend, inter alia, on the ground that the addition of the Fund could possibly destroy diversity jurisdiction. (# 95 at 2, 7) As reflected in the Court's Memorandum and Order (# 128), the issue of subject matter jurisdiction was of paramount concern.

**3.** The parties are at odds as to what burden the plaintiffs must bear in the first instance on the question of subject matter jurisdiction. Whatever that burden may be in general, in this case the plaintiffs were ordered by the Court, acting *sua sponte*, "to file and serve affidavits establishing the citizenship of the limited partners of Fund IV and the citizenship of the partners of the partnerships which are limited partners in Fund IV," and that is what they are required to do.

**4.** Plaintiffs' counsel also indicated that members of the Fund might find the inquiry to be overly intrusive, and that the principals of Gemini were concerned with maintaining a positive business relationship with the members.

**5.** The defendants in this case are citizens of Pennsylvania.

Gemini could proceed under an agency theory, to wit, Gemini acted as an agent for an undisclosed principal, the Fund. Lastly, the plaintiffs asserted that the Court could exercise supplemental jurisdiction over the Fund's claims pursuant to 28 U.S.C. § 1367.

In counterpoint the defendants took issue with the sufficiency of Mr. Rich's affidavit to establish diversity, and also argued that since the Fund had been added as an indispensable party, it could not be severed to salvage jurisdiction. Further, in the defendants' view, because the Fund was added under Rule 19, no supplemental jurisdiction existed. Following additional oral argument on June 24, 2009, the issues surrounding subject matter jurisdiction are ripe for decision.

First, as the Court indicated at the last hearing, the plaintiffs have not made even a *prima facie* showing on the question of diversity jurisdiction, which is what they themselves claim they must do. As plaintiffs' counsel acknowledged, Mr. Rich's affidavit (# 144) does not at all address the citizenship of the trustees/beneficiaries of the trusts, the partners of limited liability companies and limited partnerships, or the principal places of business of any corporations that are constituent members of the Fund. Further, there is no indication that the addresses of the members on file at Gemini are *current* as opposed to former residences. Consequently, the affidavit does not fully comply with the Electronic Order dated 06/15/2009.

■ Second, as stated earlier, while the Court analyzed the issue within the framework of Rule 19 when determining whether the Fund should be added as a party, the Court made no explicit finding that the Fund was an indispensable party. Indeed, both federal and state law support a finding that the Fund is not an indispensable party. Federal "[c]ourts have consistently concluded that 'Rule 19 does not require joinder of principal and agent.'" *Dennis v. Wachovia Securities, LLC,* 429 F.Supp.2d 281, 290 (D.Mass., 2006) *quoting Depriest v. BASF Wyandotte Corp.,* 119 F.R.D. 639, 640 (M.D.La., 1988); *see also Nottingham v. General American Communications Corp.,* 811 F.2d 873, 880 (5 Cir.), *cert. denied,* 484 U.S. 854, 108 S.Ct. 158, 98 L.Ed.2d 113 (1987). Similarly, under Massachusetts law, "[i]t is a well established rule of law, that when a contract, not under seal, is made with an agent in his own name for an undisclosed principal, **either the agent or the principal** may sue upon it." *Rhoades v. Blackiston,* 106 Mass. 334, 335, (1871) (emphasis added). In short, the Fund, as an undisclosed principal, is not an indispensable party to this action brought by its agent, Gemini, who is alleged to have executed the contract with the defendants on its behalf.[6]

Since the Fund is not an indispensable party, the mechanism by which it may added as a proper party is under Rule 20, Fed.R.Civ.P.,[7] which allows for permissive

---

**6.** Of course under Massachusetts law the burden is on Gemini, the party asserting that it acted as the agent of the Fund, to prove at trial that, in fact, an agency relationship existed. *See, e.g., Bennett Importing v. Continental Airlines, Inc.,* 1998 WL 34031697, *4 (D.Mass., Dec. 27, 1998).

**7.** The Rule provides, in pertinent part,
 Rule 20. Permissive Joinder of Parties
 (a) Persons Who May Join or Be Joined.

(1) *Plaintiffs.* Persons may join in one action as plaintiffs if:
(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all plaintiffs will arise in the action.
Fed.R.Civ.P. 20.

joinder of parties. Without saying so explicitly, the Court, when adding the Fund as a party, acted within the authority granted by that Rule.[8]

In these circumstances, 28 U.S.C. § 1367 affords the Court supplemental jurisdiction. That statute provides, in relevant part:

### § 1367. Supplemental jurisdiction

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Title 28 U.S.C. § 1367.

Thus, supplemental jurisdiction would not exist as to any defendant sought to be joined pursuant to Rule 20, but it would exist as to "persons proposed to be joined as plaintiffs" under Rule 20 but not as to such "persons proposed to be joined under Rule 19." *See* 28 U.S.C. § 1367(a), (b). As stated by the Supreme Court in the case of *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005):

The specific exceptions to § 1367(a) contained in § 1367(b), moreover, provide additional support for our conclusion that § 1367(a) confers supplemental jurisdiction over these claims. Section 1367(b), which applies only to diversity cases, withholds supplemental jurisdiction over the claims of plaintiffs proposed to be joined as indispensable parties under Federal Rule of Civil Procedure 19, or who seek to intervene pursuant to Rule 24. *Nothing in the text of § 1367(b), however, withholds supplemental jurisdiction over the claims of plaintiffs permissively joined under Rule 20* ... or certified as class-action members pursuant to Rule 23 .... The natural, indeed the necessary, inference is that § 1367 confers supplemental jurisdiction over claims by Rule 20 and Rule 23 plaintiffs. This inference, at least with respect to Rule 20 plaintiffs, is strengthened by the fact that § 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20.

*Exxon Mobil Corp.*, 545 U.S. at 560, 125 S.Ct. 2611 (emphasis added).

■ Although the *Exxon Mobil* case dealt with added plaintiffs whose claims did not meet the jurisdictional amount as opposed to plaintiffs who might destroy complete diversity if added, the same rule applies to both situations. *See Sunpoint Securities, Inc. v. Porta*, 192 F.R.D. 716,

---

**8.** It is also of note that Rule 21, Fed.R.Civ.P., provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

719 (M.D.Fla., 2000); *see also* 4 *Moore's Federal Practice*, § 20.07[3][b] at 20–51–20–52 (Matthew Bender, 3d ed.).

Accordingly, the Court rules that it has subject matter jurisdiction over this cause with the Fund added as a party-plaintiff pursuant to 28 U.S.C. §§ 1332(a)(1) and 1367(a) and (b).

